[In Bank. — June 7, 1883.]
## THE PEOPLE, RESPONDENT, v. EZRA THOMAS, APPELLANT.

CRIMINAL LAW — ATTEMPT TO SUBORN PERJURY — INFORMATION. — "Attempting to suborn perjury" is not the generic name of any class of offenses, and where an information charges such an offense in those terms, without anything more, except that the defendant endeavored to procure another person to swear falsely and commit perjury in a specified suit, it is insufficient.

APPEAL from a judgment of the Superior Court of Shasta County, and from an order denying a motion in arrest of judgment.

The information is as follows:—Ezra Thomas is accused by the district attorney for the county of Shasta, State of California, by this information, of the crime of attempting to suborn perjury committed as follows: The said Ezra Thomas, on or about the 21st day of October, 1882, at and in the county of Shasta, and State of California, and prior to the filing of this information, then and there being, then and there did wilfully, deliberately, and feloniously attempt and endeavor to procure another person, to wit, one Lee Thomas, to swear and testify falsely, and commit the crime of perjury in a certain law suit then and there pending in a Justices' Court of township No. 5, in and for said county of Shasta, and before one James P. Smith, a justice of the peace, wherein said Ezra Thomas was plaintiff, and John J. Kern et al. were defendants, all of which is contrary, etc.

*Hart & White*, for Appellant, cited Penal Code, § 951; *People v. St. Clair*, 55 Cal. 524; 1 Wharton Cr. Law (7th ed.), 374; 2 Wharton Cr. Law (7th ed.), 2705; *State* v. *Loftin*, 2 Dev. & B. 31; Penal Code, §§ 966, 118; Archibald Cr. Pr. & Pl. 592; 2 Wharton Cr. Law (7th ed.), 2233–2265.

*Attorney-General*, for Respondent, cited 39 Cal. 690; 5 Met. 241.

PER CURIAM.—The demurrer to the information should have been sustained. The information neither gives the legal appellation of any crime, nor states facts necessarily constituting a crime. "Attempting to suborn perjury" is not the generic

name of any class of offenses.    There is nothing stated to indicate that the act of defendant would have resulted in a subornation of a witness if it had not been frustrated by extraneous circumstances (1 Wharton's Cr. L. 181); or that the testimony which defendant tried to have given was material to the issue; or that he did not believe it to be true, or, indeed, what was the testimony he asked any person to give.

Judgment and order reversed with direction to the court below to sustain the demurrer to the information.