[Criminal No. 403.    Filed December 19, 1916.]

[161 Pac. 686.]

## D. B. BACA, Appellant, v. STATE, Respondent.

1. CRIMINAL LAW—APPEAL AND ERROR—DISMISSAL OF APPEAL.—Under Penal Code of 1913, sections 1164–1167, the failure of defendant in a criminal prosecution to file the abstract of record within the time specified by Penal Code of 1913, section 1163, and his failure to file a brief or prosecute the appeal, are insufficient grounds for dismissal of the appeal.

2. INTOXICATING LIQUORS—INDICTMENT AND INFORMATION.—An indictment for attempting to introduce intoxicating liquor into the state of Arizona under Constitution, article 23, section 1, must aver the ultimate facts constituting the offense, i. e., the intention of accused to pass such liquors into the state from another state or from a foreign country, a direct act done in furtherance of such intention, and the failure of the attempt due to some intervening cause beyond the control of accused.

3. INTOXICATING LIQUORS — CRIMINAL PROSECUTION — SUFFICIENCY OF EVIDENCE.—In a prosecution for attempting to introduce intoxicating liquors into the state under Constitution, article 23, section 1, an indictment that the defendant did unlawfully and willfully attempt to transport, bring, and carry into the county of Apache, state of Arizona, a quantity of whisky, etc., *held* insufficient to charge the offense of introducing intoxicating liquor into the state.

4. INTOXICATING LIQUORS—INDICTMENT AND INFORMATION—SUFFICIENCY. In a prosecution for attempting to introduce intoxicating liquors into the state in violation of Constitution, article 23, section 1, evidence *held* insufficient to show that defendant, who was apprehended at the state boundary line, committed any act within the state for the purpose of introducing intoxicating liquors into the state.

APPEAL from a judgment of the Superior Court of the County of Apache. George H. Crosby, Jr., Judge. Judgment vacated and cause remanded with instructions.

Mr. George Estes, for Appellant.

Mr. Wiley E. Jones, Attorney General, and Mr. R. W. Kramer and Mr. Geo. W. Harben, Assistant Attorneys General, for the State.

CUNNINGHAM, J.—The appellant was charged by indictment of the crime of "attempting to import intoxicating liquors into the state of Arizona." The particular circumstances of crime are alleged to have been as follows:

"The said D. B. Baca on or about the seventh day of December, A. D. 1915, and before the finding of this indictment at the county of Apache, state of Arizona, did unlawfully and willfully attempt to transport, bring, and carry into the county of Apache, state of Arizona, a large quantity or amount of alcoholic liquors, to wit, whisky, and that at said time there was in full force and effect a law within the state of Arizona known and designated as the prohibition amendment, which prohibits and forbids the attempt to introduce or import into the state of Arizona of any and all alcoholic liquors or beverages of whatever kind, and that the whisky so attempted to be introduced into the state of Arizona is one of the alcoholic beverages mentioned and covered by said prohibition amendment, contrary to the form, force, and effect of the statute in such cases made and provided," etc.

To this indictment the defendant demurred. The demurrer was overruled. The defendant entered a plea of "not guilty," and upon a trial had was convicted of the charge and sentenced to punishment, from which sentence he appeals.

The Attorney General has moved to dismiss the cause, for the reasons:

First. Because the abstract of record was not filed in this court on March 13, 1916.

Second. Because appellant has failed to file a brief.

Third. Because appellant has failed to prosecute his appeal.

As a prayer to the motion, the Attorney General moves the court to dismiss the appeal. Evidently, the intention of the motion at all times was to dismiss the appeal, and at no time did the Attorney General intend to move a dismissal of the cause.

The grounds assigned and relied upon by the Attorney General for a dismissal of the appeal are insufficient to justify the order. Paragraphs 1164–1167, Penal Code 1913.

The indictment, relieved of surplusage, charges that the accused has committed a misdemeanor known as "attempting to import intoxicating liquors into the state of Arizona." The particular circumstances of the offense are alleged to be as follows:

"The said D. B. Baca, on or about the seventh day of December, A. D. 1915, and before the filing of this indictment at the county of Apache, state of Arizona, did unlawfully and willfully attempt to transport, bring and carry into the . . . State of Arizona, a large quantity or amount of alcoholic liquors, to wit, whisky, . . . contrary to the form, force and effect of the statute. . . . "

The fair construction of this charge ought to permit of disregarding the words "the county of Apache" as surplusage, and thereby avoid conflict with the preceding language of the indictment, and preserve as near as may be the evident meaning of the instrument.

The indictment is intended to be based upon section 1 of article 23, Amendment to the Constitution, reading as follows:

"Every person who . . . attempts to introduce into the state of Arizona any ardent spirits, ale, beer, wine, or intoxicating liquor of any kind, shall be guilty of a misdemeanor and upon conviction shall be" punished, etc.

The clear purpose of this clause of the law is to prevent the liquors mentioned and fairly covered by the provision from becoming a portion of the property of the state, to the end of promoting temperance. So anxious are the people of this state in this regard that they were not satisfied to prohibit, under penalty, the introduction of such liquors into the state, but they have gone further, and declared that an attempt to introduce such liquors into the state is a separate

crime, independent of the crime of the actual introduction of such liquors into the state.

The offense here under consideration is established when from the facts it is made to appear that the accused entertained the intention to pass any of such liquors into the state of Arizona from another state or from a foreign country to be used for an unlawful purpose, a direct act done by him toward the accomplishment of such intention, and a failure to accomplish such intention, such failure caused by something intervening, over which the accused had no control. Clearly the direct act must reach far enough toward the accomplishment of the desired results to amount to the commencement of the consummation before the interruption. In such circumstances, such facts appearing, directly or by legal inference, the offense condemned is established. These ultimate facts must be made to appear from the allegations contained in the indictment, otherwise the offense is not charged.

The allegation that the defendant did willfully and unlawfully "attempt to transport, bring and carry" whisky into the state of Arizona fails to set forth the offense in the language of the law or otherwise, except as a conclusion.

What are the facts from which the pleader concludes that such attempt was made? They nowhere appear in the indictment. It is the duty of the court to determine from the facts alleged in the charge whether a criminal offense has been stated. In the absence of facts, this duty cannot be performed.

Under the allegations of this indictment the court may only adopt the prosecutor's conclusion, viz., that the facts known to the pleader are such as constitute an attempt to introduce whisky into the state of Arizona in violation of law; thereby placing the duty of determining the question upon the prosecuting attorney, and not upon the court, where it belongs. I am of the opinion that the indictment fails to state facts sufficient to constitute a public offense, and that the court erred in ordering the demurrer overruled.

For such error, the judgment should be vacated and the cause remanded, with instructions to sustain the demurrer and take such further action in the premises as the law permits.

Vacated and remanded, with instructions.

XVIII Ariz.—23

ROSS, C. J. (Concurring).—Granting that the indictment states a public offense, I think there is a total lack of evidence to sustain it. The evidence is to the effect that on the seventh day of December, 1915, the sheriff of Apache county and one of his deputies discovered the appellant and one Joe Espinoza just over the line in New Mexico driving an automobile with several cases of whisky in it in the direction of the Arizona line. The appellant admitted buying the whisky in New Mexico and a purpose to take it to his home at Springerville, Arizona. He was within 200 yards of the Arizona line when intercepted by the officers, and doubtless would have crossed into Arizona had he not been detected. There is, however, no evidence whatever of any act or thing done by him in Apache county, Arizona, connecting him with the transaction in New Mexico. It is not shown when he left Springerville for New Mexico, nor how he traveled. There is an absence of any evidence showing, or tending to show, that appellant while in Arizona even formed the idea of going to New Mexico and returning to Arizona with a load of intoxicating liquors, much less that he did any act in Arizona referable to such a course of conduct.

The indictment charges that the appellant "did unlawfully and willfully attempt to transport, bring and carry into the county of Apache, state of Arizona, a large quantity or amount of alcoholic liquors," etc. The evidence shows that he was not in Apache county, but in New Mexico, when the attempt alleged was made.

Beside, as a question of law, I do not think the allegations "to transport, bring and carry" import the same meaning as the word "introduce," contained in the Constitution. Clearly it would be no violation of our Constitution for a public carrier "to transport, bring and carry" into Apache county, Arizona, intoxicating liquors in a continuous shipment from the state of New Mexico to the state of California. The word "introduce" as used in our Constitution means that the liquors are brought into the state for the purpose of commingling them with the other property of the state. But there is nothing in the indictment showing that the said liquors were attempted to be introduced into the state of Arizona from without the state, unless that meaning be attached to the expression in the indictment, "that the whisky

so attempted to be introduced into the state of Arizona." This expression affects to refer to some preceding allegation of the indictment showing the introduction of alcoholic beverages into the state from without. There is, however, no such preceding allegation. The words used in the indictment "to transport, bring and carry" might be construed as conveying the idea that the liquors were shipped into that county from any other county in the state, which, of course, would not be a crime under any law of the state. The new prohibition amendment, which will take effect upon the proclamation of the Governor of the state, denounces as a crime the shipping of liquors from one part of the state to another; but, until that goes into effect, it is no offense to transport or ship intoxicating liquors from one part of the state to another part of the state, or from one county to another county.

For these reasons, I am of the opinion that the indictment fails to state facts sufficient to constitute a public offense.

FRANKLIN, J. (Concurring).—The indictment in this case, though not a model of good pleading, is, I think, not calculated to embarrass the defendant in his defense. Its allegations, while somewhat obscure, are so framed that a person of ordinary understanding would know that he is charged with the crime of an attempt to unlawfully introduce intoxicating liquors into the state of Arizona at Apache county. The record does not disclose any surprise or even a suggestion that there was a want of knowledge of the crime which is charged. Under the liberal rules of pleading sanctioned by the Code, the indictment is sufficient as against a general demurrer.

Paragraph 808 provides: "Whenever a person, with intent to commit a crime, does any act within this state in execution or part execution of such intent, which culminates in the commission of *a* [italics mine] crime, either within or without this state, such person is punishable for such crime in this state in the same manner as if the same had been committed entirely within this state."

The court so instructed the jury. It is to be observed that the language of this statute does not require the principal crime to be consummated, but gives jurisdiction of those cases where there is intent to commit a crime, and any act is done

within this state in execution or part execution of such intent which culminates in the commission of a crime. The Code provides for the punishment of attempts to commit crime. In other words, an attempt to commit a crime is denounced by the Code as a crime to the same extent that the full execution of the ultimate design intended is made a crime. If there be present the intent to commit a crime, the performance of some act immediately and directly tending to its commission, but a failure of consummation on account of some intervening cause, then a crime denounced by the law has been committed, to wit, an unlawful attempt to commit a crime. It is clear to my mind that it is competent for the legislature to determine what acts within the limits of this state shall be deemed criminal, and to provide for their punishment, and the interpretation of this statute in no wise involves the question of the extraterritorial force of the criminal laws of the state.

In this light, the instruction given by the learned judge under paragraph 808, *supra*, is a correct exposition of the law, but the case made is not within the purview of the statute because the evidence is utterly silent as to any act whatever done by the defendant in this state in execution or part execution of the crime charged. I therefore concur in a reversal of the judgment.