[Criminal No. 488. Filed June 18, 1920.]

[190 Pac. 422.]

## STATE, Appellant, v. JOSEPH M. CRAWFORD and FRANK NELSON, Respondents.

1. INTOXICATING LIQUORS — ONE ATTEMPTING TO MANUFACTURE INTOXICATING LIQUORS GUILTY OF CRIME.—One may fall short of actually manufacturing intoxicating liquors, and yet take steps or do things in that direction that will render him guilty under Constitution, article 23, Laws of 1917, chapter 63, and Penal Code of 1913, section 736, of attempting to make intoxicating liquor.

2. INTOXICATING LIQUORS—ALLEGATION OF UNLAWFUL MANUFACTURE NEED NOT SET OUT INSTRUMENTS OR PROCESSES USED.—An information for unlawful manufacture of liquor under Constitution, article 23, and Laws of 1917, chapter 63, need not allege the instruments or the processes used to manufacture the intoxicant; allegation of the ultimate fact being sufficient.

3. INTOXICATING LIQUORS—ALLEGATION OF "ATTEMPT" TO MANUFACTURE NEED NOT ALLEGE PROCESS USED.—An information stating that defendant "did then and there unlawfully attempt to manufacture intoxicating liquor" sufficiently stated an offense under Constitution, article 23, Laws of 1917, chapter 63, and Penal Code of 1913, section 736, it not being necessary to allege the instruments or processes used, and the word "attempt" itself importing an intent to commit the crime and a direct ineffectual act done towards its commission.

APPEAL from a judgment of the Superior Court of the County of Pinal. O. J. Baughn, Judge. Reversed, with directions.

----

1. For authorities respecting statutory prohibition of the manufacture of intoxicating liquors, see note in 3 A. L. R. 285.

2. As to the necessity for averring overt act in indictment for attempt to commit crime, see note in 7 Ann. Cas. 140.

Mr. Wiley E. Jones, Attorney General, Mr. L. B. Whitney, Assistant Attorney General, and Mr. H. G. Richardson, County Attorney, for the State.

Mr. E. P. Patterson, for Respondents.

ROSS, J.—The charge against respondents was set forth in the information in this language:

"The said Joseph M. Crawford and Frank Nelson, on or about the 30th day of January, 1920, and before the filing of this information, at and in the county of Pinal, state of Arizona, did then and there wilfully and unlawfully attempt to manufacture intoxicating liquor in the aforesaid county of Pinal, state of Arizona, contrary," etc.

Respondents' demurrer to the information was: Insufficient facts; that the acts constituting the offense in ordinary and concise language were not stated; and that the information failed to state any act which would constitute an attempt to manufacture intoxicating liquor. The demurrer was sustained, and from the order sustaining it the state appeals, contending that the information was good.

Any person who manufactures intoxicating liquor in this state is guilty of a crime. Article 23, State Constitution; chapter 63, p. 93, Laws 1917. Likewise one who attempts to commit a crime, but fails or is prevented or intercepted in the perpetration thereof, is punishable for such attempt. Section 736, Pen. Code. It follows that one may fall short of actually manufacturing intoxicating liquors and yet take steps or do things in that direction that will bring him within the terms of the statute against the attempt to manufacture intoxicants. We apprehend it would not be essential to allege in a charge of the complete offense the instruments or the processes used to manufacture the intoxicant, but that the allegation of the ultimate fact would be sufficient. If that be true of

the complete offense, it would seem that an allegation of the ultimate fact constituting the incomplete crime would be a sufficient statement of the facts constituting the attempt. ''Attempt'' itself as used in the information imports: (1) The intent to commit the crime; and (2) a direct, ineffectual, act done towards its commission. *People* v. *Petros,* 25 Cal. App. 236, 143 Pac. 246; 16 C. J. 113. This definition of an attempt has been adopted by the California courts, whose statute is the same as ours. Cal. Pen. Code, § 664. The word has a well-understood legal meaning, and that is the meaning that should be assigned it in this pleading.

The establishment of the details of the crime charged is important in the trial, but need not in all cases be set forth in the indictment or information. In illustration of this proposition, in *People* v. *Hoyt,* 145 App. Div. 695, 130 N. Y. Supp. 505, it is said:

''Where property rights may be affected, intent to defraud is a necessary element of the crime of forgery, but it is unnecessary to allege the details by which the intent to defraud is to be established. *Paige* v. *People, supra; People* v. *Stearns,* 21 Wend. 409; *Noakes* v. *People,* 25 N. Y. 381; *West* v. *State,* 22 N. J. L. 212. Nor is it necessary to plead how one aided and abetted in the commission of a crime (*People* v. *Seldner,* 62 App. Div. 357), or in what manner one attempted to commit a crime (*People* v. *Bush,* 4 Hill, 133), or by what means one broke and entered in committing a burglary (*People* v. *Farrell,* 28 N. Y. St. Rep. 43).''

In the Hoyt case it was held that the word ''forge,'' having a well-defined meaning in law, sufficiently informed the defendant of what he was charged without setting forth the means or manner of the forgery. *People* v. *Bush, supra,* is a case where an indictment under the New York statute for an attempt to commit a crime was attacked because it failed to set out ''the particular manner in which the attempt was made.''

The New York statute, while using different language than ours, is of the same purport and meaning. Mr. Justice COWEN, in holding the indictment good, said:

"An attempt in any form to commit an offense is within the statute; and the particular manner in which the attempt was made need not be pointed out by the indictment."

In another case wherein defendant was charged with an attempt to commit arson, the court said:

"It was unnecessary for the district attorney to allege in the indictment the particular manner in which the prisoner attempted to burn his insured goods and chattels, with intent to prejudice the insurer." *Mackesey* v. *People,* 6 Park. Cr. R. (N. Y.) 114.

In *People* v. *Murray,* 67 Cal. 103, 7 Pac. 178, an information for an attempt to commit burglary was held good even though it did not set forth the particular manner or means used in such attempt. The court used this language:

"The statute of this state (Pen. Code 459) defines the crime of burglary, and section 664 declares that 'every person who attempts to commit any crime,' etc., is punishable but does not declare what acts shall constitute an attempt. It has been frequently held by this court sufficient to state the offense charged in the language of the statute. Applying these rules to the information before us, it is sufficient."

Respondents cite, as their sole authority, the case of *Baca* v. *State,* 18 Ariz. 350, 161 Pac. 686, and rely upon it as decisive. In that case the county attorney sought to charge the defendant with violating this constitutional provision, "Every person who . . . attempts to introduce into the state of Arizona . . . intoxicating liquor . . . shall be guilty of a misdemeanor . . . " (article 23, section 1), by alleging that the defendant "did . . . attempt to transport, bring,

and carry into the county of Apache . . . a large quantity . . . of alcoholic liquors, to wit, whiskey, . . . ''

There were three opinions in the Baca case, two holding the information insufficient, and one holding it good. The reasoning adopted by the two members of the court declaring it bad proceeded along different lines, but it would seem that their ultimate conclusion was the same, to wit, that the information did not use the language of the statute, or equivalent language, in describing the offense sought to be charged. One of the justices said:

"The allegation that the defendant did willfully and unlawfully 'attempt to transport, bring and carry' whiskey into the state of Arizona fails to set forth the offense in the language of the law or otherwise, except as a conclusion."

Another said:

"I do not think the allegations 'to transport, bring and carry' import the same meaning as the word 'introduce' contained in the Constitution. Clearly, it would be no violation of our Constitution for a public carrier 'to transport, bring and carry' into Apache county, Arizona, intoxicating liquors in a continuous shipment from the state of New Mexico to the state of California. The word 'introduce' as used in our Constitution means that the liquors are brought into the state for the purpose of commingling them with the other property of the state."

Unlike the Baca case, the information charges the offense in the language of the statute. We are of the opinion that the information states a crime, and that the court committed error in sustaining the demurrer. The judgment is reversed and the cause remanded, with directions that further proceedings be had not inconsistent with this opinion.

BAKER, J., concurs.

CUNNINGHAM, C. J. (Dissenting.)—Section 1, article 23, Amendment State Constitution, page 1, Session Laws of 1915, "Amendments," defines as guilty of an offense the following:

"Every person who sells, exchanges, gives, barters, or disposes of any ardent spirits, ale, beer, wine, or intoxicating liquor of any kind to any person in the state of Arizona, or who manufactures, or introduces into, or attempts to introduce into the state of Arizona any ardent spirits, ale, beer, wine, or intoxicating liquor of any kind, shall be guilty of a misdemeanor and upon conviction shall be imprisoned for not less than ten days nor more than two years and fined not less than twenty-five dollars and costs nor more than three hundred dollars and costs for each offense: Provided, that nothing in this amendment contained shall apply to the manufacture or sale of denatured alcohol."

Of course, denatured alcohol is neither ale, beer nor wine. It is either "ardent spirits" or it is an intoxicating liquor of some kind. Whether or not denatured alcohol is ardent spirits in its nature may be passed without decision, yet, there is no doubt that denatured alcohol is an intoxicating liquor in fact, and as such its manufacture is harmless under the Constitution—no crime is committed by reason of its manufacture or sale in this state. To manufacture any ardent spirits or intoxicating liquor in this state, other than denatured alcohol, is declared a criminal offense.

The information in this case charges that—

"Joseph M. Crawford and Frank Nelson, on or about the 30th day of January, and before the filing of this information, at and in the county of Pinal, state of Arizona, did then and there willfully and unlawfully attempt to manufacture intoxicating liquor in the aforesaid county of Pinal . . . contrary to the form, force, and effect of the statute in such cases made and provided," etc.

The charge does not follow the language of the statute defining and describing the offense condemned in the said constitutional provision. Section 735, Penal Code of 1913, provides that—

"Any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was perpetrated by such person in pursuance of such an attempt. . . . "

The respondents demurred to the above information, and their demurrer was by the court sustained, and the state appeals on a question of the sufficiency of the information to charge a public offense.

The ingredients of the offense of manufacturing intoxicating liquors of every kind, except denatured alcohol, cannot be accurately and definitely stated if the exception is omitted in charging the main offense. 22 Cyc. 344, and cases cited in note 40, and particularly *State* v. *Abbey,* 29 Vt. 60, 67 Am. Dec. 754. If the exception is separable from the description, and is not an ingredient of the offense as defined, it should not be noticed. 22 Cyc. 344, note 41. *Ex parte Harvey,* 154 Cal. 355, 97 Pac. 891, deals with the rule and with the exception. See *People* v. *H. Jevne Co.,* 179 Cal. 621, 178 Pac. 517; *State* v. *Abbey, supra.*

It seems, as an exception to the manufacture of intoxicating liquors, that denatured alcohol may be manufactured in the state, and a failure to notice this exception in the accusation of manufacturing intoxicating liquors, the specific offense, is not described with the degree of certainty and definiteness the statute requires. As a consequence, a charge that the defendants did attempt to manufacture intoxicating liquor in this state sets forth no offense unless the pleading describes the liquor attempted to be manufactured, showing that it is ale, beer, wine or some intoxicating liquor other than denatured alcohol.

A further reason is that the information neither gives the legal appellation of any crime nor states facts necessarily constituting a crime. "Attempting to manufacture intoxicating liquor" is not the generic name of any class of offenses. There is nothing stated in the information that the act of the defendants would have resulted in the production of intoxicating liquor of any kind had not the act been frustrated by extraneous circumstances. Such rule was enforced in *People* v. *Ezra Thomas,* 63 Cal. 482, and the indictment held insufficient. I am satisfied that the same rule justly is applicable to the same statutes in this state.

The *Baca case,* 18 Ariz. 350, 161 Pac. 686, relied upon by the appellees, is of little value as an authority for any purpose. One of the judges considered the indictment insufficient to charge an offense; another of the judges considered the indictment to be sufficient to charge the offense; and the other judge, at the beginning, waived that question, and, assuming that the indictment did state an offense, said: "I think there is a total lack of evidence to sustain it." Then he stated another reason that the indictment charged that the defendant did "transport, bring and carry" the whiskey into this state, and the word of the law is "introduce" the whiskey into the state, so the words of the statute defining the offense were not followed. The indictment in the Baca case was condemned by two members of the court as insufficient to state a public offense, but for reasons both give, which are wholly different. The indictment in that case, however, was more specific in describing the kind of intoxicating liquor the accused was attempting to introduce than the information describes in this case. In the Baca case the intoxicating liquor mentioned was alleged to be "whiskey"; in this case no specific kind of intoxicating liquor is mentioned;

simply the defendants are accused of attempting to manufacture intoxicating liquor. Maybe the defendants themselves did not intend that the product sought by them would be intoxicating or adapted to use for any purposes of beverage, but intended to use it for power purposes; then what would become of the offense? Would the state make a case of guilt beyond a reasonable doubt by proving that the defendants attempted to manufacture denatured alcohol?

I do not concur with the determination reached by Judge ROSS. The information fails wholly to charge a public offense, and the demurrer was correctly sustained.