[No. 18066. Department One. March 4, 1924.] ·

THE STATE OF WASHINGTON, *Respondent,* v. A. WESTON,
*Appellant.*[1]

INDICTMENT AND INFORMATION (88)—AMENDMENT. Under Rem.
Comp. Stat., § 2060, providing that the precise time of an offense
need not be stated, it is not error to allow an amendment to an
information for bootlegging, charging the commission of the offense
two days earlier, where accused was offered further time to prepare
and made no claim of surprise.

CRIMINAL LAW (244)—TRIAL—MISCONDUCT OF COUNSEL—CURE BY
INSTRUCTIONS. The court's refusal to exclude the prosecutor's open-
ing statement of intent to prove a certain fact is cured by excluding
the evidence thereof when offered.

SAME (110-112)—INTOXICATING LIQUORS (49)—EVIDENCE OF OTHER
OFFENSES—INTENT—ADMISSIBILITY. In a prosecution for bootlegging,
evidence of two sales made and delivered by accused personally on
the same day, following evidence of his carrying liquor about, is
admissible to show his intent.

CRIMINAL LAW (442)—APPEAL—REVIEW—VERDICT. A conviction
on conflicting evidence sufficient to prove guilt, will not be disturbed
on appeal.

Appeal from a judgment of the superior court for
Spokane county, Webster, J., entered June 22, 1922,
upon a trial and conviction of the crime of bootlegging.
Affirmed.

*A. G. Gray,* for appellant.

*William C. Meyer* and *Chas. H. Ennis,* for respond-
ent.

PARKER, J.—The defendant, Weston, was, by infor-
mation filed in the superior court for Spokane county,
charged with the offense of bootlegging, in that he did
"unlawfully and feloniously carry about with him in-
toxicating liquor, to-wit: whiskey, for the purpose of·

¹Reported in 223 Pac. 321.

the unlawful sale of the same." His trial in the superior court for that county, sitting with a jury, resulted in a verdict of guilty and the rendering of judgment against him accordingly, from which he has appealed to this court.

The offense was, by the information as filed, charged as having been committed on or about February 13th. At the beginning of the trial, after the impaneling of the jury and before any evidence was introduced, the prosecuting attorney announced his election to prove the offense to have been committed two days earlier, that is, on February 11th. The court, over objection of counsel for appellant, permitted the prosecuting attorney to so change the date in the body of the information, offering counsel for appellant further time for preparation for trial to meet the charge as so changed, if any showing of surprise could be made in that behalf. No further time was asked for. This ruling is assigned as error. Section 2060, Rem. Comp. Stat. [P. C. § 9273], providing that "the precise time at which the crime was committed need not be stated in the indictment or information," our decision in *State v. McCaskey*, 97 Wash. 401, 166 Pac. 1163, and our prior decision therein cited, render it plain that this was not prejudicial error.

The prosecuting attorney, in his opening statement of the case to the jury, stated, among other things, that he expected to "also furnish evidence to you that the hotel clerk stated in the presence of the defendant to the officers that he had purchased several bottles of liquor from the defendant." This was objected to by counsel for appellant. The court, seemingly then being in doubt as to the propriety of such a statement at that time by the prosecuting attorney, evidently because such fact might become material to the question

of appellant's intent as the evidence proceeded, declined to then interfere. This ruling, it is claimed in behalf of appellant, was erroneous to his prejudice. If so, it was later cured by the court excluding offered proof of such fact, and still later by appropriate instructions giving the jurors to understand that such fact was excluded from their consideration.

Some contention is made in appellant's behalf that there was error to his prejudice in the court admitting testimony tending to show two distinct sales of whiskey made by him and delivered by him personally. The argument seems to be that this was prejudicial because it tended to prove two distinct offenses other than bootlegging. These sales were testified to as occurring on the same day, though some time intervened between them; that is, on February 11th. Plainly, such testimony was admissible as showing the intent with which appellant carried liquor about with him. Such intent is manifestly of the very essence of the offense with which he was charged. Following proof of defendant carrying liquor about with him, it would seem hard to conceive of any proof having greater probative force as evidence of his purpose and intent in carrying it about than the fact that he actually made sales and delivery of it on the day charged. The fact that the making of each such sale, if proven, constituted an independent unlawful act under our prohibition law, does not warrant the exclusion of such proof in support of the charge for which appellant was on trial. *State v. Hessel*, 112 Wash. 53, 191 Pac. 637.

Some contention is made, though but briefly argued, that the evidence introduced upon the trial does not support the verdict and judgment. This involves questions arising upon conflicting testimony. There was testimony positive and overwhelming as to appellant's

guilt, if such testimony was believed by the jury. Manifestly, we would be wholly unwarranted in interfering with the verdict and judgment for want of evidence to support them.

The judgment is affirmed.

MAIN, C. J., HOLCOMB, TOLMAN, and MACKINTOSH, JJ., concur.