[No. 18862. Department Two. January 15, 1925.]

THE STATE OF WASHINGTON, *Respondent*, v. JOSEPHINE DITMAR *et al.*, *Appellants*.[1]

INDICTMENT AND INFORMATION (82)—MOTION TO QUASH—GROUNDS —ARREST WITHOUT WARRANT. It is not ground for quashing an information for a misdemeanor that the accused was arrested by officers without the issuance of any warrant.

INTOXICATING LIQUORS (53)—SEARCHES AND SEIZURES—RETURN OF CONTRABAND LIQUOR. The courts will not direct the return of contraband intoxicating liquor illegally seized, thereby making the recipient guilty of unlawful possession.

CRIMINAL LAW (123) — EVIDENCE WRONGFULLY OBTAINED — SUPPRESSION—GROUNDS—OBJECTIONS TO EVIDENCE. The fact that a search warrant issued by a justice of the peace, under which intoxicating liquor was seized, does not appear in the record on a retrial in the superior court, is not ground for suppression of the evidence, it being incumbent on the accused to show that it was unlawfully seized.

SAME (123) — SUPPRESSION — EVIDENCE OBTAINED BY UNLAWFUL SEARCH—VIOLATION OF RIGHTS OF THIRD PERSON. Upon a prosecution for the manufacture of intoxicating liquor for the purpose of sale, its unlawful seizure from third persons purchasing it from the accused is not ground for its suppression as evidence against the accused.

SAME (110)—INTOXICATING LIQUORS (28, 49)—EVIDENCE OF OTHER OFFENSES—INTENT. Upon a prosecution for the manufacture of intoxicating liquor for the purpose of sale, evidence of sales of liquor by the accused is competent upon the question of his intent in manufacturing it.

INTOXICATING LIQUORS (53)—SEARCH WARRANT—SUFFICIENCY. It is not necessary that a search warrant should name any person or charge any person with a crime, under Rem. Comp. Stat., § 7316,

[1]Reported in 232 Pac. 321.

authorizing a search warrant to search the premises designated where it is made to appear that there is probable cause to believe that intoxicating liquor is being manufactured, sold, or kept thereon, there being no requirement as to the name of any person.

SAME (53). A search warrant, issued under Rem. Comp. Stat., § 7316, sufficiently describes the premises to be searched where it describes a specific tract of real property without mention of any buildings thereon.

CRIMINAL LAW (195)—TRIAL—RIGHT TO SEPARATE TRIAL—DISCRETION. Rem. Comp. Stat., § 2161, vests the granting of separate trials to persons jointly accused in the discretion of the court, and no abuse can be claimed in the absence of any affirmative showing of the necessity of separate trials.

SAME (236-1)—TRIAL—CONDUCT OF COUNSEL—OPENING STATEMENT TO JURY. It is not prejudicial error, on the trial of an appeal from justice court, for counsel to make, by way of explanation, a statement that the defendants had been found guilty by the justice.

INDICTMENT AND INFORMATION (101)—INTOXICATING LIQUORS (47) —CONVICTION OF LESSER OFFENSE. Upon a prosecution for manufacturing liquor for the purpose of unlawful sale, the jury may be instructed that the accused may be found guilty of the included lesser offense of manufacturing.

CRIMINAL LAW (311)—TRIAL — INSTRUCTIONS — CONSTRUCTION OF CHARGE AS WHOLE. Upon a joint trial of co-defendants, held that instructions as a whole charged that the jury may find one of them guilty and the other not guilty.

INTOXICATING LIQUORS (28, 50)—OFFENSES—MANUFACTURE—EVIDENCE—SUFFICIENCY. Insufficiency of the evidence upon a trial for the manufacture of intoxicating liquor cannot be predicated upon the fact that a receiver had been appointed for the premises in question, where the defendants were in immediate charge and guilty of the unlawful acts occurring thereon, nor upon the fact that a complete still was not found upon the premises, where there was other sufficient evidence of manufacturing liquor thereon.

CRIMINAL LAW (123)—EVIDENCE WRONGFULLY OBTAINED—UNLAWFUL SEARCH—POWERS OF OFFICER UNDER SEARCH WARRANT. It is not ground for the suppression of evidence that the officer did not seize the same at the time of his search, where the warrant was still in his possession and the return day had not yet arrived.

Appeal from a judgment of the superior court for Lincoln county, Truax, J., entered February 15, 1924,

upon a trial and conviction of manufacturing intoxicating liquor. Affirmed.

*Patrick C. Shine,* for appellants.

*Roy C. Fox,* for respondent.

FULLERTON, J.—Josephine Ditmar and Frank Ditmar were found guilty by the verdict of a jury of the offense of manufacturing intoxicating liquor for the purpose of sale, barter and exchange, and appeal from the judgment pronounced upon the verdict.

To an understanding of the errors assigned for a reversal of the judgment, an outline of the salient facts is necessary. On the evening of September 13, 1923, two young men stopped at the garage of one William Colville, at Reardan, Lincoln county, Washington, and inquired of Colville as to the location of a certain farm in that vicinity. The young men either did not know or had forgotten the names of the occupants of the farm, but from their description of them, Colville concluded that they were seeking the farm occupied by the appellants, and directed them to it. Colville was a deputy sheriff of the county, and suspecting that they were going to the farm for the purpose of purchasing intoxicating liquor, called up the office of the sheriff of the county and made known to the person in charge his suspicions. Two other deputy sheriffs joined Colville, and the three went to the place where the road leading from the farm mentioned entered the main highway and waited the return of the young men. The young men soon thereafter appeared, and were stopped by the deputies. The car in which the young men were riding was searched, and in it was found a gallon jug full of intoxicating liquor, commonly known as moonshine whiskey. The young men informed the officers that they had purchased the liquor from the appellant, Frank Ditmar.

The liquor was taken into custody and the officers returned to Reardan, where one of them procured a search warrant authorizing a search of that part of the farm on which were located the dwelling house, barn, and outbuildings. The officers, armed with the search warrant, went to the farm and made a search of the premises. In the dwelling house they found a five gallon jug of moonshine whiskey, and in the loft of an outbuilding, some two hundred feet distant from the dwelling house, they found five barrels of mash in the process of fermentation and all of the parts of a large still with the exception of the coil. After the officers found the jug in the dwelling house, and while they were continuing the search of the house, the appellant Josephine Ditmar succeeded in breaking the jug, spilling its contents, no part of which was saved. The officers seized the parts of the still found in the outhouse, arrested the appellant Frank Ditmar and returned to Davenport, the county seat of the county. Josephine Ditmar followed the parties to the county seat, and was arrested at that place on the direction of the prosecuting attorney. On the next morning, one of the officers went back to the farm and took into his possession a part of the mash. The officer made return of the search warrant to the justice of the peace issuing it, and no further proceedings were had in that court.

On the day following the arrest of the appellants, a complaint was filed in a justice's court at Davenport charging them with the offense of manufacturing intoxicating liquor for the purposes of sale, barter and exchange. Prior to entering upon the trial, the defendants moved to quash the proceedings, demanded a return of the property seized by the officers, and demanded separate trials. These motions the justice overruled and a trial was entered upon, which resulted

in a conviction of the defendants. From the judgment of conviction, the defendants appealed to the superior court of Lincoln county, where the motions were renewed. The motions were denied, and the defendants were again put on trial for the offense stated. On the trial they objected to the introduction in evidence of the articles seized by the officers, which objection the trial court overruled. The trial was then continued and resulted in the judgment of conviction from which the appeal before us is prosecuted.

Noticing the assignments of error in a somewhat different order than the appellants present them, the first is that the court erred in refusing to quash the proceedings. This assignment has its basis in the fact that the defendants were arrested by the sheriff's officers without a warrant. But aside from the fact that officers of the law may, under certain circumstances, arrest for a misdemeanor without a warrant (*State v. Llewellyn,* 119 Wash. 306, 205 Pac. 394; *State v. Hughlett,* 124 Wash. 366, 214 Pac. 841), circumstances which we think the record shows were present here, it is not a ground for quashing a criminal prosecution that the defendants are arrested without a lawful warrant therefor. This we held in the case of *State v. Melvern,* 32 Wash. 7, 72 Pac. 489, wherein we used the following language:

"It is shown by the above mentioned affidavit that no warrant was ever issued for the arrest of the appellant, and it is, therefore, strenuously insisted that the court never acquired jurisdiction of the person of appellant, and consequently had no right to compel him to go to trial. But it appears that appellant was in fact in the custody of an officer, that he was present in court on the day of his arraignment, that he entered a plea of not guilty to the information, and that he was in court throughout the trial. Under these circumstances we have no doubt that the court had jurisdic-

tion of the defendant. See 1 Bishop, New Criminal Procedure, § 179; *Kerr v. Illinois,* 119 U. S. 436 (7 Sup. Ct. 225); *State v. Ray,* 50 Iowa, 520. We are unable to perceive why the alleged irregularity in the manner of bringing the appellant before the court entitled him to immunity from trial for the offense with which he was charged in the information. The court might have caused a warrant to be issued for the arrest of appellant at the time of the trial, but that was unnecessary, because he was already in court in charge of the sheriff. There is nothing in the record indicating that he objected to the manner of his arrest or detention, at any time prior to the day of trial. If he was illegally restrained of his liberty while in the county jail, he might have obtained redress by an appropriate proceeding in court; but the mere fact that he was arrested, in the first instance, by a person not having a lawful warrant therefor, and detained by him, constitutes no ground for the reversal of the judgment."

It is next insisted that the court erred in refusing to grant the demand of the appellants for a return of the property seized under the search warrant, and erred in permitting the articles seized, as well as the whiskey taken from the young men mentioned, to be introduced in evidence. Concerning these contentions, the appellants make the argument that it appeared from the complaint and transcript certified by the justice of the peace to the superior court, "that neither warrant of arrest, search warrant, nor return pursuant to that complaint existed; that the evidence obtained from Herring and Jenkins [the young men mentioned] was illegally obtained and used against these defendants," and that for these reasons the demand for the return of the property should have been granted. A literal compliance with the demand, in so far as it related to the intoxicating liquor at least, could not, of course, have been granted. Courts will not direct the return to an individual of any form of prop-

erty which is contraband in law, and which makes him a criminal the moment he takes it into possession. This is the effect of our holding in *State ex rel. Yakima v. Superior Court,* 120 Wash. 280, 206 Pac. 925.

But treating the demand as a motion to suppress evidence, it is equally without foundation. While this court has held that intoxicating liquor unlawfully taken from the possession of a person cannot be used as evidence against him on a trial of a criminal charge for an offense relating to its possession, it has also pointed out the manner in which and the circumstances under which the objection can be made. *State v. Dersiy,* 121 Wash. 455, 209 Pac. 837. It is not the rule that the state must show as a condition precedent to the introduction in evidence of intoxicating liquor that it came into the possession of the liquor lawfully. This is an objection which the defendant must make, and when he makes it he must himself show that its possession was obtained by the state unlawfully. The fact, therefore, that the search warrant under which the intoxicating liquor was seized in this instance did not appear in the record sent to the superior court was not a ground for suppressing the liquor as evidence, nor a ground for denying its introduction as such at the trial.

The jug of liquor taken from the young men may have been, as against them, wrongfully taken, and had they been put upon trial for unlawful possession of the liquor it is possible that it should have been excluded as evidence against them. But this is not a ground for excluding it on the trial of the appellants. The reason for suppressing evidence obtained by wrongful search and seizure is because of the invasion of the constitutional rights of the defendant; it is, in the opinion of the authoritative court, to compel a defendant to become a witness against himself. *Gouled*

*v. United States,* 255 U. S. 298. But the rule does not prevail in a situation such as is here presented. The evidence was not obtained through any violation of the defendants' rights and they cannot avail themselves of a wrong committed against another.

The appellants say further that evidence was inadmissible for another reason. Attention is called to the fact that the appellants are charged with the offence of manufacturing intoxicating liquor for the purpose of sale, and it is argued that proof of an unlawful sale is not competent to prove the charge. But intent to sell is one of the elements of the offense, and the proofs were competent to show the intent. *State v. Douglas,* 122 Wash. 387, 210 Pac. 778; *State v. Goforth,* 126 Wash. 56, 216 Pac. 882; *State v. Weston,* 128 Wash. 550, 223 Pac. 321.

Objection is made to the sufficiency of the search warrant under which the premises were searched on which the still and intoxicating liquor were found. The first branch of the objection is that it is not directed against any person and does not contain the name of the person whose premises are authorized to be searched. The statute authorizing the search (Rem. Comp. Stat., § 7316) [P. C. § 3173], reads as follows:

"If, upon the sworn complaint of any person, it shall be made to appear to any judge of the superior court or justice of the peace that there is probable cause to believe that intoxicating liquor is being manufactured, sold, bartered, exchanged, given away, furnished or otherwise disposed of or kept in violation of the provisions of this act, such justice of the peace or judge shall, with or without the approval of the prosecuting attorney, issue a warrant directed to any peace officer in the county, commanding him to search the premises designated and described in such complaint and warrant, and to seize all intoxicating liquor there found, together with the vessels in which it is contained, and all implements, furniture and fixtures used or

kept for the illegal manufacture, sale, barter, exchange, giving away, furnishing or otherwise disposing of such liquor, and to safely keep the same, and to make a return of said warrant within three days, showing all acts and things done thereunder, with a particular statement of all articles seized and the name of the person or persons in whose possession the same were found, if any, and if no person be found in the possession of said articles, the returns shall so state. A copy of said warrant shall be served upon the person or persons found in possession of any such intoxicating liquor, furniture or fixtures so seized, and if no person be found in the possession thereof, a copy of said warrant shall be posted on the door of the building or room wherein the same are found, or, if there be no door, then in any conspicuous place upon the premises.''

It will be noticed that there is here no requirement that the warrant contain the name of any person, or that it be directed against any person, or that it charge any person with crime. It is sufficient to designate and describe the premises to be searched, without reference to the person in possession, or reference to the ownership of the same. *Olson v. Haggerty*, 69 Wash. 48, 124 Pac. 145.

The second branch of the objection is that the description of the premises is too indefinite. As we have before stated, the warrant described a specific tract of real property, containing no reference to a house or other structures that might be situated thereon. But we think the description sufficient. The buildings searched were a part of the described premises, and manifestly a warrant to search the whole authorizes a search of the parts.

The next assignment is that the court erred in denying the requests made by the appellants for separate trials. At the time the requests were made, there was nothing before the court other than the transcript of the record certified by the justice of the peace trans-

mitting the cause to the superior court. There was no affirmative showing of the necessity of a separate trial of any sort. The statute (Rem. Comp. Stat., § 2161) [P. C. § 9377], provides:

"When two or more defendants are indicted or informed against jointly, any defendant requesting it may, in the discretion of the trial judge be tried separately."

This statute seems to leave the question solely to the discretion of the trial judge; but, conceding that his orders in that behalf may be reviewed in this court for manifest abuse, plainly there is nothing here upon which a claim of abuse can be predicated.

The prosecuting attorney, in his opening statement to the jury, made mention of the fact that the cause before them for trial was an appeal from a justice's court wherein the defendants had been found guilty of the offense charged in the complaint; and the trial judge in opening his charge to the jury made use of this language: "This prosecution was first instituted in a justice's court, and has been transferred from the justice's court to this court." It is objected that each of these statements constitutes reversible error, because they brought to the consideration of the jury a matter, prejudicial in its nature, with which it was in no way concerned. But we cannot so conclude. The remarks were but explanatory of the nature of the proceeding. The record necessarily showed that the cause was in the superior court on an appeal from a judgment of conviction in a justice's court, and it is difficult to understand how it was any more harmful to so tell the jury in an explanatory statement than it would be to permit them to gather the fact from the record before them. But the inference drawn from the circumstance is far-fetched at best. The jury were in-

formed and understood that they were to determine the facts as they appeared to them from the evidence. It is hardly to be supposed that knowledge that a justice of the peace had found against the defendants on similar evidence would have a controlling weight in their deliberations. But be this as it may, it was a fact which could not, under our present practice acts, be kept from the knowledge of the jury.

The court instructed the jury that the defendants could be convicted of the lesser offense of manufacturing intoxicating liquor. This is assigned as error, but it was proper, as the charge of manufacturing for the purpose of sale included the lesser offense of manufacturing. *State v. Douglas,* 122 Wash. 387, 210 Pac. 778; *State v. Matson,* 127 Wash. 513, 221 Pac. 311; *State v. Ikeda,* 130 Wash. 325, 227 Pac. 14.

Objection is made to certain other of the instructions because, it is contended, they preclude the jury from finding one of the defendants guilty and acquitting the other. But the instructions as a whole were not indefinite in this respect. The ninth instruction contained this language:

"In this trial there are two defendants charged jointly and placed on trial together, and you are to consider the charge as applying to both of them, together as well as to each one separately; and, while they are being tried together, still each defendant must be proved by the state to be guilty beyond a reasonable doubt as has been explained to you.

"It is not necessary, therefore, to find both defendants now on trial before you to be guilty in order to find one of them guilty. If the evidence and circumstances before you prove to your satisfaction beyond a reasonable doubt that one of the defendants is guilty but does not so convince you that the remaining defendant is guilty, you may convict such as you find to be guilty, if any, and acquit the other, whom you may find to be not guilty, if any."

It hardly seems possible from this direct statement that the jury could have misunderstood the court's more general language when charging concerning other features of the case. The court, however, even went further than this. There were nine separate verdicts, either of which it was permissible for the jury to return under the evidence, and the court submitted to the jury a form for each of them.

The appellants contend that the evidence was insufficient to justify the verdict. It appears that, in a civil action theretofore instituted, a receiver had been appointed with authority to take possession of the premises on which the liquor and still were found. Whether the receiver had exercised his authority is not clear, but it is clear that the appellants were in immediate charge, and that it was the appellants, not the receiver, who were guilty of the unlawful acts occurring thereon.

A further contention in this connection is that the evidence is insufficient to sustain a conviction of manufacturing intoxicating liquor, because the officers found only parts of a still upon the premises; parts insufficient in themselves to enable the manufacture of a completed product. But the finding of the incomplete still was only a part of the evidence on which the judgment of conviction could rest. There was evidence of fermenting mash in the room in which the still was found; evidence of manufactured liquor in the dwelling house; evidence of a sale on the premises of manufactured liquor; and evidence of admissions made by one of the appellants that they were engaged in manufacturing and selling intoxicating liquors. The state was not confined in its proofs to the implements of manufacture. It could show the fact by any form of competent evidence, and we are clear that there was

here sufficient to justify the conclusions of the jury. *State v. Ihan,* 129 Wash. 279, 224 Pac. 935.

Finally, it is said that the samples of the mash taken from the farm were wrongfully taken and should not have been admitted in evidence. This contention is grounded on the fact that the officer went back to the farm on the morning following the time the search of the premises was made and took samples of the mash into possession. But we find no wrong in this. Possibly, had the officer gone back after he had made return of the warrant and seized the mash, the contention would have some foundation. This, however, was not the fact. The officer still had the warrant in his possession, and the return day fixed by the statute was not then due. One search did not exhaust his powers under it. He could return and continue the search as often as he deemed it necessary until the time limit fixed by the statute for the return of the warrant expired. We need not review the cases cited by the appellants to sustain their contentions. We concede that the cases were well determined, but the facts of the several cases have no relation to the facts of the present case. In none of them was a search warrant involved.

There was no error in the record and the judgment will stand affirmed.

MAIN, MACKINTOSH, HOLCOMB, and MITCHELL, JJ., concur.