[No. AO13744. First Dist., Div. One. Oct. 20, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
EDWARD W. MEADERS, Defendant and Appellant.

**[Opinion certified for partial publication.†]**

---

†Certified for partial publication pursuant to rule 976.1 of the California Rules of Court.

COUNSEL

James S. Feliciano for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Daniel J. Kremer, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Herbert F. Wilkinson, Robert R. Granucci and Michael I. Mintz, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**NEWSOM, J.**—The instant appeal is from Meaders' conviction of four counts of vehicle theft (Veh. Code, § 10851), two counts of receiving stolen property (Pen. Code, § 496), one count of possession of a concealable firearm by an ex-felon (Pen. Code, § 12021, subd. (a)), one count of embezzlement (Pen. Code, §§ 504, 487), one count of insurance fraud (Ins. Code, § 556), and one count of attempted subornation of perjury (Pen. Code, §§ 664, 127).

. . . . . . . . . . . . . . . . . . . . . . . .*

*See footnote, *ante,* page 1155.

We address appellant's contention that his conviction of attempted subornation of perjury was error. The pertinent facts may be briefly summarized as follows: Subsequent to his arrest, appellant solicited one Killaine to procure two favorable defense witnesses at trial, and stated his willingness to pay $2,000 to each witness. Killaine contacted the police and a meeting was arranged between appellant and two undercover officers posing as potential witnesses. After the meeting, appellant and the officers went to appellant's bank where the latter tendered an initial $500 to the "witnesses." Appellant was thereupon rearrested on a charge of subornation of perjury. At the close of the People's case-in-chief, the prosecution's motion to amend the charge to attempted subornation of perjury was granted. Upon conviction on this count, appellant was sentenced to an 18 month term, such period to be served concurrently with the 6 years imposed on the remaining counts.

Our discussion of this issue begins with the relevant statutes. Penal Code section 127 provides that: "Every person who willfully procures another person to commit perjury is guilty of subornation of perjury, and is punishable in the same manner as he would be if personally guilty of the perjury so procured."

Penal Code section 664 provides in pertinent part that: "Every person who attempts to commit any crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable, where no provision is made by law for the punishment of such attempts, as follows: [¶] 1. If the offense so attempted is punishable by imprisonment in the state prison, the person guilty of such attempt is punishable by imprisonment in the state prison for one-half the term of imprisonment prescribed upon a conviction of the offense so attempted; provided, however, that if the crime attempted is one in which the maximum sentence is life imprisonment or death the person guilty of such attempt shall be punishable by imprisonment in the state prison for a term of five, seven, or nine years."

Since an essential element of subornation of perjury is the actual commission of perjury by the witness[3] (*People* v. *Ross* (1894) 103 Cal. 425 [37 P. 379]; *People* v. *Jones* (1967) 254 Cal.App.2d 200 [62 Cal.Rptr. 304]; 2 Witkin, Cal. Crimes, § 833, p. 783), it would appear that, as respondent contends, any intentional undertaking to procure false testimony, accompanied by a direct, unequivocal act toward that end which fell short of the actual commission of perjury by the witness would be punishable as an attempt under Penal Code section 664.

---

[3]While not free from ambiguity, the definition of "suborn" given in Webster's New International Dictionary (2d ed. unabridged) implies consummation of the connected perjury, i.e., "To procure (another) to commit perjury."

California case law in this area is unclear. In *People* v. *Thomas* (1883) 63 Cal. 482, 483, upon which appellant principally relies, the defendant was accused of attempting to suborn perjury. In a per curiam opinion our Supreme Court held that a demurrer to the information should have been sustained, observing that " '[a]ttempting to suborn perjury' is not the generic name of any class of offenses." This sweeping declaration, however, is immediately followed and arguably vitiated by a catalogue of the particular deficiencies in the information under scrutiny: "There is nothing stated to indicate that the act of defendant would have resulted in a subornation of a witness if it had not been frustrated by extraneous circumstances [citation]; or that the testimony which defendant tried to have given was material to the issue; or that he did not believe it to be true, or, indeed, what was the testimony he asked any person to give." (*Id.,* at pp. 482-483.) We believe this language should be strictly interpreted as meaning that where, as in the facts of that particular case, the information alleges *nothing more* than an "attempt to suborn perjury," such an information would be insufficient.[4]

On the other hand, in a later high court opinion we find the suggestion that such a crime is indeed cognizable under California law. (*People* v. *Coffey* (1911) 161 Cal. 433, 442 [119 P. 901].)[5] And one appellate court decision has come to our attention which upheld a conviction for attempted subornation of perjury. (*People* v. *Gray* (1942) 52 Cal.App.2d 620, 655, 656 [127 P.2d 72].)

 A respected authority, while acknowledging that the case law is murky, has commented that there is "some indication of a recognition" of the crime of attempted subornation of perjury. (2 Witkin, Cal. Crimes, § 835, p. 785.)

We think this represents the better view. Certainly the People of this state have a compelling interest both in preventing corrupt interference with the

---

[4]*People* v. *Thomas, supra,* 63 Cal. 482, in the 100 years subsequent to its publication, has not once been cited in a California case.

[5]There, in a learned and lengthy discussion by Justice Henshaw on the nature of accomplice culpability, the following language appears as part of a hypothetical discussion of Penal Code section 654: "And as specific illustrations, subornation of perjury is declared a crime punishable by imprisonment in the state prison for not less than one nor more than fourteen years. (Pen. Code, secs. 126, 127.) A futile effort to induce a witness to commit perjury may be punished as an attempt under section 664 of the Penal Code, . . ."

See also, seemingly to the same effect, *People* v. *Baker* (1978) 88 Cal.App.3d 115, 121-122 [151 Cal.Rptr. 362]. As part of a discussion of the marital privilege against disclosure of confidential interspousal communications, there occurs this language: "In addition, under Evidence Code section 981, '[t]here is no privilege . . . if the communication was made, in whole or in part, to enable or aid anyone to commit or plan to commit a crime or a fraud.' Appellant's conversations with Marr were attempts to suppress evidence and induce false testimony, and both are crimes. (Pen. Code, §§ 118, 127.)" (*Id.,* at pp. 121-122.)

administration of justice and protecting themselves from exposure to such inducements to interfere with the solemn process of law. ■ And it cannot be doubted that the purpose of the law of attempt is both to penalize conduct which would have been harmful if not fortuitously prevented, and to permit intervention by law enforcement personnel before the harm has occurred. (1b) We conclude, therefore, that the general attempt statute, Penal Code section 664, is a viable and legitimate tool for the protection of the People of this state from subornation of perjury in its inchoate stage.

It then remains only to determine whether, on the facts here presented and under the general concepts and principles of the law of "attempts" embodied in Penal Code section 664, appellant's acts had sufficiently advanced past the stage of "mere preparation" to the point of "perpetration." We believe they did.

■ While mere ineffectual solicitation of another to commit a crime does not of itself constitute an attempt to commit the crime (*Ex Parte Floyd* (1908) 7 Cal.App. 588 [95 P. 175]), solicitation in connection with other acts may suffice. (*People* v. *Lanzit* (1925) 70 Cal.App. 498 [233 P. 816].) ■ Here, appellant not only solicited the attempted false testimony, but proceeded to meet the prospective perjurers at his bank and then withdrew funds as a "downpayment" on the perjury. Such conduct in our view goes far beyond "mere preparation," and so justifies his conviction of attempted subornation of perjury. Indeed, it is difficult to conceive of a situation, short of the actual commission of perjury itself, in which subornation of perjury could arrive closer to the point of consummation.

The judgment is affirmed.

Elkington, Acting P. J., and Holmdahl, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 26, 1984. Reynoso, J., did not participate therein.