The counsel for the defendant, on the trial below, put the case on two grounds, both of which were presented by the evidence:
1. That he was not guilty, "because he did not actually participate in the stilling."
2. Because "there was no distillation."
His Honor does not respond to either position, directly, but charged, in general terms, that "if the jury believed the evidence, the defendant was guilty."
From this mode of putting the case to the jury there is no telling whether they found the defendant guilty upon the testimony of the first witness or of the second, or of both; for, although both witnesses are admitted to be entitled to credit, it may be that the jury acted on the testimony of the first, not being able to find, from the testimony of the second witness, that the defendant was present, or, if present, that he had anything to do with the stilling, which is a work which may not require more than one hand. If this witness referred to the three persons against whom the bill was found, or to the two who were on trial, and the jury found on his testimony, it cannot be understood why they acquittedWilliam Summey. Or it may be that the jury acted on the testimony of the second witness, supposing the first might be mistaken in regard to the conversation which he had heard. In this state of the case it follows that the defendant is entitled to a venire de novo, if the point (499) made upon the testimony of either of the witnesses ought to have been ruled in his favor. For we are obliged to suppose that his Honor overruled both positions, or impute to him a want of candor, by which the jury were left in the dark as to his opinion on the questions of law, and this Court would not be able to review it.
When counsel make a point which arises on the evidence, and expressly, or by implication as in this case, request the opinion of the *Page 321 
judge, and he declines to give it, or fails to do so by a general charge like the one under consideration, it is error, notwithstanding there is another view of the case arising on other parts of the evidence which is against the party. The statute requires a judge to "state to the jury, in a full and correct manner, the evidence given in the case, and to declare andexplain the law arising thereon." He is not required to recapitulate the evidence in detail — but he is required to put the case to the jury in such a way as to make it appear by the record what facts the jury find and what is his opinion as to the law, so that his opinion may be reviewed by this Court.
A general charge is only allowable in special cases, when these purposes are otherwise fully answered. Gaither v. Ferebee, ante, 303; S. v. Norton,ante, 296. These cases dispose of the subject. They were decided at June term last, and we presume his Honor had not read them.
This Court is of opinion that in order to justify a conviction under the statute, it must be proved that the party either distilled grain himself orprocured it to be done; and that the fact that the defendant "leased or hired" his still-house and still to one who had corn, for the purpose of distilling the corn, and that it was in fact distilled by him at the house and in the still, the defendant having no interest in the spirits, does not make him guilty of a violation of the statute.
Upon the second point, the Court is of opinion that to run beer, (500) made of corn, through the process of distillation once is a violation of the statute; for spirituous liquor is thereby distilled out of corn; and although the liquor is improved by running it through twice, that is not necessary in order to make it "spirituous liquor" within the meaning of the statute.
PER CURIAM. Venire de novo.
Cited: S. v. Ellick, ante, 457; S. v. Jones, 87 N.C. 556; S. v.Kennedy, 89 N.C. 590.