## LOWERY *v.* STATE.

## Opinion delivered May 20, 1918.

1.  LIQUOR—ILLEGAL MANUFACTURE—SUFFICIENCY OF THE PROOF.—In a prosecution for the illegal manufacture of whiskey, where defendant was discovered with a sour mash made up, and all the instruments used in the primitive manufacture of whiskey, the evidence was sufficient to sustain a verdict of guilty.

2.  LIQUOR—ILLEGAL MANUFACTURE—TIME.—In a prosecution for the illegal manufacture of whiskey, where the testimony showed that the whiskey was manufactured after January 1, 1916, it is not necessary to instruct the jury, that in order to convict that they must find that it was manufactured after January 1, 1916.

3.  LIQUOR—ILLEGAL MANUFACTURE—CIRCUMSTANTIAL EVIDENCE.—In a prosecution for the illegal manufacture of whiskey, the state relied for conviction solely upon circumstantial evidence. *Held,* the court properly told the jury that if the circumstances could be explained in any. reasonable way inconsistent with guilt, that defendant should be acquitted.

4.  LIQUOR—ILLEGAL MANUFACTURE—EVIDENCE OF SALE.—In a prosecution for the illegal manufacture of whiskey, testimony of one B. *held,* admissible, that he, B., had purchased whiskey from defendant, at a certain time, although defendant had, in another prosecution, been acquitted of the crime of selling liquor to B.

Appeal from Garland Circuit Court; *Scott Wood,* Judge; affirmed.

*Richard M. Ryan* and *Arthur Cobb,* for appellant.

1.  There is a total failure of evidence to support the verdict. There is no evidence that appellant was engaged in the manufacture of liquor.

2.  No violation of law since January 1, 1916, was proven.

3.  Austin Brown's testimony was improperly admitted. The time was too remote and appellant had been acquitted of the crime of selling whiskey.

4.  The State's case rested wholly upon circumstantial evidence, and it was error to refuse appellant's requests upon the weight to be given such evidence. 76 Ark. 227; 77 *Id.* 201, 247, 261; 71 *Id.* 475.

5.  The evidence shows that the liquid found could not be used as a bevarage. It was simply hog feed. The liquor was not alcoholic nor intoxicating.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1.  The evidence was sufficient. All the evidence and circumstances warrant a conviction.

2.  The court did not err in failing to instruct the jury as to the necessity of proving the making of the liquor since January 1, 1916. This was not assigned as a ground in the motion for new trial. No request was made for such an instruction. 86 Ark. 360, 456; 71 *Id.* 475; 87 *Id.* 528; 102 *Id.* 588.

3. Austin Brown's testimony was competent. 59 Ark. 431; 93 *Id.* 260; 32 Me. 429; Wharton, Cr. Ev. (8 ed.), § 484.

4. Instruction No. 2, requested by appellant, was properly refused. It does not correctly state the law. But it was covered by other instructions given.

5. No. 8 was properly refused. The law was properly declared in No. 3, given by the court on its own motion. The making of alcoholic liquor is prohibited if the liquor so made is such as *may be* used as a beverage.

HART, J. Ed Lowery prosecutes this appeal to reverse a judgment of conviction against him for the crime of manufacturing spirituous or fermented liquors. The principal contention made by counsel for appellant is that the evidence is not legally sufficient to support the verdict.

(1) Ed Lowery lives out in the country from Hot Springs, in Garland County, Arkansas, and in the fall of 1917 was suspected of making whiskey. In November of that year a search was made of his premises by the officers, and five barrels of mash were found in a little house back of his dwelling house. The mash was composed of sprouted corn, meal and sugar or molasses with water. The barrels were bubbling and popping, a process which the mash went through with while souring. A watch was kept over appellant's premises for several hours each night for about a week. He was not discovered making the whiskey, but one of the officers, who saw the contents of the five barrels, stated that he was familiar with the process of manufacturing whiskey and that the barrels contained what is called beer or singlings; that the meal, water and other ingredients in the barrel had arrived at that degree of fermentation where it was ready to be run off for use; that a small furnace was found near by which was covered with freshly cut pine tops; that a worm such as is used in primitive stills was also found hidden in a pile of logs near by and fresh pine tops were piled upon it; that they also found a container concealed in a pile of logs; that it was customary to run the

mash or beer twice through a primitive still of this kind before it was ready for use as finished product; that the mash was of a sweetish taste when they first found it but it became sourer as the process of fermentation went on; that the mash or beer was much thinner than mash which is usually ground up for hogs.

Appellant denied having either made or sold any whiskey. He testified that he kept a number of hogs and that the mash had been prepared for their use. He said that it consisted of bran, chops and water; that he had the furnace out there for the purpose of cooking the mash for the hogs; that he took the container out of the furnace after he was through cooking the mash and put some pine tops over it to keep the hogs from getting into the fire; that he did not know anything about the worm which was found near there; that he had no idea how the worm came to be covered with pine tops as was the case with the furnace. Other witnesses corroborated the testimony of appellant.

The Legislature of 1915 made it unlawful for any person to manufacture or to be interested in the manufacture of spirituous or fermented liquors after January 1, 1916. Acts of 1915, page 98.

The testimony of the State, if believed by the jury, was sufficient to warrant a verdict of guilty. According to the testimony of the State a furnace, a container and a worm which might be used in the distillation of liquors out of corn was found on appellant's premises near his dwelling house. It also appeared that five barrels containing corn meal, molasses or sugar and water undergoing the process of fermentation were found on appellant's premises in a little house near to his dwelling house. One of the witnesses, who was familiar with the process of distilling fermented liquors from corn, said that this beer or singlings had been run through the still once, but that it was necessary to run it through the still of the kind found there twice before it was ready for use as a finished product. Although the liquor may be improved by running it through the still twice, that is not necessary in

order to make it spirituous or fermented liquor within the meaning of the statute. To run beer through the process of distillation once is a violation of the statute; for spirituous or fermented liquors are thereby distilled out of the corn. *State* v. *Summey,* 60 N. C. 496.

(2) It is next insisted that the court erred in failing to instruct the jury that it was necessary to prove that the liquor had been made since January 1, 1916. Our statute makes it unlawful to manufacture spirituous or fermented liquors after January 1, 1916. It was not necessary, however, to instruct the jury that the liquor must have been made after that time for the undisputed evidence shows this to be a fact. The only dispute is as to whether or not appellant was making a mash for his hogs or was distilling spirituous or fermented liquors.

(3) It is next insisted that the court erred in refusing to give an instruction stating the law applicable to circumstantial evidence requested by appellant. We do not deem it necessary to set out the instruction. On its own motion the court instructed the jury on this phase of the case as follows:

"Before you can convict defendant all the facts and circumstances when taken together must be inconsistent with any reasonable hypothesis except that he is guilty. In other words, if all the facts and circumstances proved may be true, and they can be explained in any reasonable way consistent with defendant's innocence, he is entitled to an acquittal. But if they can not be explained in any reasonable way consistent with the defendant's innocence, he should be convicted." This instruction fully covered the law on this point.

(4) Finally it is insisted that the court erred in permitting Austin Brown to testify that during the summer of 1917 he had purchased a quart of whiskey from appellant. There was then exhibited to Brown a sample of the liquors which the officers had found on the premises of appellant and he was requested to smell and taste it. After doing so, he testified that it was about the same kind of liquor as that purchased by him from ap-

pellant. Appellant objected to the introduction of this testimony on the ground that he had been acquitted of selling liquor to Austin Brown and that the charge embraced the sale about which Brown was testifying. The testimony was competent. The witness testified that he had purchased from appellant liquor of the same kind as that which he was charged with making. This was a circumstance to be considered by the jury in determining whether or not the appellant was manufacturing liquor. *Larkin* v. *State,* 131 Ark. 445, and *Turner* v. *State,* 130 Ark. 48.

Moreover, the appellant testified in his direct examination that he had neither sold nor manufactured whiskey. Of course, the selling of whiskey was a collateral matter, but, having testified about that matter himself, appellant could not complain that the State was allowed to contradict him by evidence showing to the contrary. *Adams* v. *State,* 93 Ark. 260.

The judgment will be affirmed.