[No. 17529. Department One. December 2, 1922.]

THE STATE OF WASHINGTON, *Respondent*, v.
S. E. DOUGLAS, *Appellant*.[1]

INTOXICATING LIQUORS (28, 50)—UNLAWFUL MANUFACTURE—EVI-
DENCE—SUFFICIENCY. A conviction of manufacturing intoxicating
liquor is sustained by evidence that accused rented in an assumed
name a dwelling in which was found a large still used for manu-
facturing corn whiskey, and that at another place he had sold and
had possession of whiskey of the same kind found with the still,
although there was no direct evidence that he was in possession of
the still.

SAME (28, 49)—CRIMINAL LAW (107)—EVIDENCE—OTHER OFFENSES.
In a prosecution under Rem. Comp. Stat., § 7338, for the manu-
facture of intoxicating liquor for the purpose of sale, barter or ex-
change, evidence of sales made by accused, who had a still, is
admissible upon the question of his intent to sell, in connection
with manufacture, notwithstanding it embraces the commission of
a distinct offense.

SAME (28, 49). In a prosecution for the manufacture of whiskey,
under Rem. Comp. Stat., § 7338, evidence of sales by accused, near
the time charged, is admissible upon an issue as to his actual pos-
session of a still, which was used for the manufacture of the same
kind of whiskey in a house rented by him.

INTOXICATING LIQUORS (28)—UNLAWFUL MANUFACTURE—STATUTES.
An offense is sufficiently defined by Rem. Comp. Stat., § 7338, pro-
viding that every person convicted of the manufacture of intoxicat-
ing liquor for the purpose of sale shall be punished by a specified
fine or imprisonment, although no crime is specifically defined.

Appeal from a judgment of the superior court for
King county, Brinker, J., entered January 14, 1922,
upon a trial and conviction of manufacturing intoxi-
cating liquor. Affirmed.

*M. H. Ingersoll* and *Tucker & Hyland* (*Ford Q.
Elvidge,* of counsel), for appellant.

*Malcolm Douglas, T. H. Patterson,* and *Chester A.
Batchelor,* for respondent.

[1] Reported in 210 Pac. 778.

PARKER, C. J.—A complaint was filed in a justice court of King county charging that the defendant Douglas, in that county, on October 11, 1921, did "unlawfully manufacture intoxicating liquor, to wit: a liquid containing alcohol and capable of being used as a beverage and commonly known as moonshine or corn whiskey, for the purpose of sale, barter and exchange thereof; . . " He was tried and adjudged guilty in the justice court as charged; from which judgment he appealed to the superior court of that county, wherein he was again tried and adjudged guilty as charged; from which judgment he has appealed to this court.

It is first contended in behalf of appellant that the evidence introduced upon the trial is not sufficient to sustain the verdict and judgment rendered against him. Appellant offered no evidence upon the trial. That which was introduced in behalf of the state was ample to warrant the jury in believing the following facts as established thereby: In August, 1921, appellant rented a dwelling house in Seattle from one Lennon, paying two months' rent therefor. Appellant immediately took possession of the house under the tenancy so created. Later appellant paid to Lennon another month's rent for the house. Upon paying the rent, appellant told Lennon that his name was Martin Jones, which was not his true name. This tenancy continued until after the time appellant is alleged to have committed the offense charged against him. At the time charged, officers armed with a search warrant entered the house and found therein a large still in operation. They also found therein a quantity of corn mash and some corn whiskey. The still, the mash, the whiskey and the almost total absence of household furniture plainly indicated that the house was being used exclusively for the manufacture of whiskey. The offi-

cers did not find any person in the house, and there is no direct evidence in the record that appellant was ever personally present in the house operating the still; nor is there any direct evidence as to who was personally present operating the still. A day or two later appellant was arrested by the officers at his home in another part of the city, at which time the officers found some corn whiskey in appellant's home of the same kind they had found with the still in the house which he had rented from Lennon. Appellant sold intoxicating liquor to a witness on one or two occasions during the time of his tenancy of the house in which the still, mash and liquor were found by the officers. Appellant also left with this witness, apparently for safe keeping, a quantity of liquor within a day or two of the time he is charged with committing the offense here in question. These facts, the existence of which there was ample evidence to warrant the jury in believing, we think leave little to be said in the way of argument against the sufficiency of the evidence to support the verdict and judgment. The substance of the argument made in appellant's behalf is simply that these facts are insufficient in view of the absence of direct evidence that appellant was at any time personally in charge of the manufacture of liquor at the place in question. It seems quite plain to us that such argument is wholly unavailing as against the chain of circumstances here shown pointing to appellant's guilt.

Testimony was introduced by the prosecution tending to show that appellant had sold liquor near the time charged, but not at the house where the still, mash and liquor were found, as we have already noticed. This testimony was introduced over the objection of counsel for appellant. It is now contended that the admission of this testimony was error to the prejudice of appellant, in that "It placed before the

jury evidence of matters concerning which the accused was not on trial. Matters not necessary to convict of the crime charged, . . '' Counsel for appellant proceeds upon the theory that there is no element of intent to sell liquor involved in the offense with which he was charged, citing § 4 of the original initiative measure No. 3, Laws of 1915, p. 3, and our decision construing that section in *State v. Fabbri,* 98 Wash. 207, 167 Pac. 133, L. R. A. 1918A 416, rendered in 1917. The answer to this contention it seems to us is found in the fact that appellant was not charged with or convicted of a violation of that section of the original act, but was charged with the violation of the offense defined by the amendatory act of 1921, as follows:

"Every person convicted of the manufacture of intoxicating liquor for the purpose of sale, barter or exchange thereof shall be punished by a fine of not less than $500 nor more than $1,000, and by imprisonment in the county jail for not less than ninety days nor more than six months." Laws of 1921, p. 398, ch. 122. [Rem. Comp. Stat., § 7338.]

This offense plainly includes not only the bare manufacture of intoxicating liquor, as prescribed in the original act, but also includes the element of intent to sell, barter or exchange, and, besides, prescribes a greater punishment than the original act does for the bare manufacture. So while this testimony may have tended to prove appellant guilty of some of the other offenses defined by our prohibition laws, such as unlawful possession of intoxicating liquor or unlawful sale thereof, it was, in any event, we think, clearly admissible touching the question of appellant's intent to sell in connection with manufacture. It seems plain to us that this new offense defined by the act of 1921 was intended to impose a greater penalty for the manufacture with intent to sell than for the bare

manufacture. We also think that this testimony tending to show sales made by appellant near the time charged was admissible as touching the question of his manufacture of the liquor at the house where the still, mash and liquor were found. The following decisions lend strong support to this view: *Richardson v. State,* 23 Ariz. 98, 201 Pac. 845; *Taylor v. State,* 17 Ala. App. 579, 88 South. 205; *Lowery v. State,* 135 Ark. 159, 203 S. W. 838; *Thielepape v. State,* 89 Tex. Cr. App. 489, 231 S. W. 769.

Some contention is made that the amendatory act of 1921, above quoted from, "neither defines nor creates any crime, but it simply prescribes punishment." We cannot agree that such is the legal effect of that act. The above quoted language plainly prescribes a punishment for the commission of plainly specified acts. We think it is elementary that the failure to call the specified acts a crime, or in terms declare them to be unlawful, does not in the least militate against such acts being in law criminal when they are thus clearly defined and punishment for the commission of them is thus plainly prescribed. 16 C. J. 68; 25 R. C. L. 979.

We are quite convinced that appellant has had a fair trial and that his conviction is well supported by the evidence. The judgment is affirmed.

HOLCOMB, MACKINTOSH, BRIDGES, and MITCHELL, JJ., concur.