[No. 39705.    Department Two.    June 20, 1968.]

THE STATE OF WASHINGTON, *Respondent*, v. LARRY NEAL DE LANO,
*Appellant.†*

*Henry P. Opendack* and *Irving C. Paul, Jr.*, for appellant (appointed
counsel for appeal).

*Charles O. Carroll* and *Robert E. Dixon*, for respondent.

PER CURIAM.—This is an appeal from the judgment and sentence
imposed after a conviction of three counts charging robbery and one
count charging attempted robbery. Appellant's sole[1] assignment of error
is that the trial court erred in admitting certain testimony as to the
identification of appellant at a lineup without first determining whether
such evidence was tainted by the illegality of the lineup.

The state concedes that if the lineup in question had been conducted
after June 12, 1967 (instead of February 22, 1967 when it was con-
ducted), appellant's contentions might have some merit because of the
decisions of the United States Supreme Court in *United States v. Wade*,
388 U.S. 218, 18 L. Ed. 2d 1149, 87 Sup. Ct. 1926 (1967), and in *Gilbert
v. California*, 388 U.S. 263, 18 L. Ed. 2d 1178, 87 Sup. Ct. 1951 (1967).
The force of the rules announced in those cases has, however, been

*Reported in 442 P.2d 628.
†Reported in 442 P.2d 620.

---

[1]Appellant's counsel of record on appeal did not appear for oral
argument. A second assignment of error relating to an alleged illegal
search and seizure was waived by the attorney who did appear in his
stead.

expressly limited to prospective application. *Stovall v. Denno,* 388 U.S. 293, 18 L. Ed. 2d 1199, 87 Sup Ct. 1967 (1967).

Being unwilling, as urged by appellant, to formulate a rule of our own in regard to the factual situation presented by this case, we hold appellant's assignments of error to be without merit.

Judgment and sentence is affirmed.