[No. 635-2.   Division Two.   January 5, 1973.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM G. MARTZ, *Appellant*.

*John A. Petrich* (of *Binns, Petrich, Mason, Hester & Robson*) and *Alan Rasmussen*, for appellant.

*Ronald L. Hendry, Prosecuting Attorney*, and *Joseph D. Mladinov, Special Counsel*, for respondent.

PEARSON, J.—Defendant, William G. Martz, was charged by amended information with the crime of rape, defined in RCW 9.79.010(3).[1] Following trial by jury, defendant was found guilty. All post-trial motions were denied and defendant appeals from his conviction. Defendant concedes that the record contains substantial evidence to support the jury's verdict.

The first question for our consideration is whether the amended information states facts constituting a crime. The information was drafted, almost verbatim, from RCW 9.79.010(3). Defendant points out, however, that this statute fails to expressly provide that one who commits a rape is guilty of unlawful or felonious conduct. Defendant, relying on *State v. Davis*, 48 Wn.2d 513, 294 P.2d 934 (1956), contends that the omission of such express language means that the statute has failed to define a crime. We disagree.

In *State v. Douglas*, 122 Wash. 387, 391, 210 P. 778 (1922), the rule is clearly stated:

> We think it is elementary that the failure to call the specified acts a crime, or in terms declare them to be unlawful, does not in the least militate against such acts being in law criminal when they are thus clearly defined and punishment for the commission of them is thus plainly prescribed.

In *State v. Davis, supra,* the Supreme Court reviewed a statute that was ambiguous and grammatically inaccurate. The court held that the statute failed to accomplish the legislative purpose because it did not define any crime nor

---

[1]Insofar as is pertinent to this case, RCW 9.79.010(3) provides:

"*Rape is an act* of sexual intercourse with a female not the wife of the perpetrator committed against her will and without her consent. *Every person who shall perpetrate such an act* of sexual intercourse with a female of the age of ten years or upwards not his wife:

". . .

"(3) When her resistance is prevented by fear of immediate and great bodily harm which she has reasonable cause to believe will be inflicted upon her; . . .

". . .

"*Shall be punished by imprisonment in the state penitentiary* for not less than five years." (Italics ours.)

make any act unlawful. In this case, as in *State v. Douglas, supra,* however, the statutory language is clear, unambiguous and grammatically correct. The statute here under review does define a crime. The rape statute sets forth with particularity the acts which constitute rape and provides criminal penalties for perpetrators. Moreover, *Davis* does not explicitly overrule *Douglas,* and, in light of the precise statutory language before the court in each case, we do not think the holdings conflict with one another. Consequently, we conclude that the amended information is not defective.

█ The second question involves admissibility of an in-court identification of the defendant that followed a pretrial lineup proceeding, at which defendant's counsel was not present. Within 3 days of the rape, a lineup was arranged. At the time the lineup was conducted, defendant's counsel had been appointed but was not informed by the police of the proceeding. This lineup took place before the June 12, 1967 decisions of the United States Supreme Court in *United States v. Wade,* 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926 (1967), *Gilbert v. California,* 388 U.S. 263, 18 L. Ed. 2d 1178, 87 S. Ct. 1951 (1967), and *Stovall v. Denno,* 388 U.S. 293, 18 L. Ed. 2d 1199, 87 S. Ct. 1967 (1967). Since prospective application of the lineup rules was announced in *Stovall,* defendant was unsuccessful in his attempt to suppress the identification testimony at trial. *State v. Nist,* 77 Wn.2d 227, 461 P.2d 322 (1969). Defendant, however, also contended that the Washington State Constitution, article 1, section 22 (amendment 10)[2] requires the presence of counsel at all critical stages and that the failure of the police to notify counsel so·that

---

[2]Const. art. 1, § 22 (amendment 10) provides: "In criminal prosecutions the accused shall have the right to appear and defend in person, or by counsel, to demand the nature and cause of the accusation against him, to have a copy thereof, to testify in his own ·behalf, to meet the witnesses against him face to face, to have compulsory process to compel the attendance of witnesses in his own behalf, to have a speedy public trial by an impartial jury of the county in which the offense is charged to have been committed and the right to appeal in all cases:   . . ."

he could attend the lineup was a violation of defendant's right of counsel under Washington law.

Assuming without deciding that the Washington State Constitution does give defendant the right to have counsel present at pretrial lineup proceedings, it does not necessarily follow that the identification testimony should have been suppressed. The Supreme Court of this state has repeatedly held that it would not give the federal lineup rules retroactive effect in the absence of a showing of prejudice. *State v. Smith,* 74 Wn.2d 744, 446 P.2d 571 (1968). Moreover, in a per curiam opinion, the court specifically declined to promulgate a "rule of our own" with respect to lineup proceedings. *State v. De Lano,* 74 Wn.2d 962, 442 P.2d 620 (1968). A careful reading of the Supreme Court's opinions clearly reveals that the lineup rules announced in *United States v. Wade, supra* and *Gilbert v. California, supra* would not be extended, expanded, or given retroactive effect unless prejudice were shown. Inasmuch as defendant concedes that he can show no prejudice, we conclude that the identification testimony was properly admitted.

The third question for review involves the state's use of military convictions to impeach the credibility of the defendant on cross-examination. Defendant first objects to the manner in which the state proved the convictions. The prosecuting attorney, without producing a record of conviction, asked the defendant whether he had ever been convicted of assaulting a woman while in military service. Defendant argues that this method of proving prior convictions is prejudicial to the accused. *State v. Stevick,* 23 Wn.2d 420, 161 P.2d 181 (1945). We disagree. Proof of prior convictions through cross-examination is specifically authorized by RCW 10.52.030.[3] Moreover, no prejudice occurs

[3]RCW 10.52.030 provides: "Every person convicted of a crime shall be a competent witness in any civil or criminal proceeding, but his conviction may be proved for the purpose of affecting the weight of his testimony, either by the record thereof, or a copy of such record duly authenticated by the legal custodian thereof, or by other competent

when the defendant actually acknowledges the conviction from the witness stand. *State v. Beard,* 74 Wn.2d 335, 444 P.2d 651 (1968) (dictum). It is only when the prosecutor is unable or unwilling to substantiate his accusations in the face of defendant's sworn denial that error is committed. Unquestionably, in this case, the prosecutor risked reversible error when in the context of a prosecution for rape he inquired regarding prior conviction of assaulting a woman, without having the record of conviction before him. Defendant's affirmative answer, however, nullified the possibility of prejudice.

Defendant next objects to the trial court's ruling that compelled him to list all prior military convictions, including three for being absent without leave (AWOL). Defendant argues that absence without leave is a breach of military order and discipline, not an act of moral turpitude which affects his credibility. First of all, we note that under Washington law, the state may use any conviction, whether felony or misdemeanor, to attack defendant's credibility. *State v. Overland,* 68 Wash. 566, 123 P. 1011 (1912); *State v. Johnson,* 1 Wn. App. 553, 463 P.2d 205 (1969). Since the adoption of RCW 10.52.030 in 1909, our courts have resisted every effort to qualify the plain meaning of this statute. *State v. Smithers,* 67 Wn.2d 666, 409 P.2d 463 (1965). The statute contains no exception and the courts have consistently refused to recognize one. *State v. Robinson,* 75 Wn.2d 230, 450 P.2d 180 (1969).

As stated in *State v. Overland, supra* at 567, "Conviction of a crime may be shown, and a crime, by the terms of the statute [RCW 9.01.020], 'is any act or omission forbidden by law and punishable on conviction by death, imprisonment, fine or other penal discipline.'" Absence without leave is prohibited by 10 U.S.C.A. § 886 (1959) (Uniform Code of Military Justice, article 86). According to the Table of Maximum Punishments promulgated by the

evidence, *or by his cross-examination, upon which he shall answer any proper question relevant to that inquiry, and the party cross-examining shall not be concluded by his answer thereto."* (Italics ours.)

President, pursuant to authority granted in 10 U.S.C.A. § 856 (1959) (Uniform Code of Military Justice, article 56) *any* absence without leave may be punished by "confinement at hard labor" and fine. In aggravated cases, confinement for 1 year and dishonorable discharge are authorized. *See* Manual for Courts-Martial, United States, 1969, section A, article 86, and section B, 10 U.S.C.A. § 856 (Supp. 1972), at 98, 105. We conclude that absence without leave is a "crime" within the meaning of RCW 10.52.030.

We are also unable to accept defendant's underlying premise that only convictions for crimes involving moral turpitude may be employed by the state to attack his credibility. Defendant has not directed our attention to any Washington authority which recognizes such a distinction and our research has uncovered none. We are aware of the dictum in *Marshall v. Dunn,* 93 Wash. 156, 160 P. 298 (1916), indicating that conviction under a city ordinance for an act not malum in se might fall outside the statute. But in *State v. Bezemer,* 169 Wash. 559, 14 P.2d 460 (1932), Justice Steinert took pains to distinguish certain Texas authority on the grounds that in that state convictions must involve acts of moral turpitude and not be too remote in time. As noted above the Supreme Court has recently reiterated that RCW 10.52.030 is subject to no exception. While we acknowledge the thrust and force of defendant's argument, we are bound by our Supreme Court's recent enunciation of the rule of strict interpretation.[4]

Finally, defendant raises the question as to whether certain items of real evidence were properly admitted into evidence. Defendant contends that there was no evidence that a cigarette lighter, identified by the victim as having

---

[4] Materially different from our current statute are the Model Code of Evidence (1942), the Uniform Rules of Evidence (1953), and rule 609 of the recently adopted Federal Rules of Evidence for United States Courts and Magistrates, effective July 1, 1973, 56 F.R.D. 183, 269. We are also aware that the Supreme Court of Hawaii has recently declared unconstitutional that state's statute permitting prior convictions to be used to attack defendant's credibility. *State v. Santiago,* 53 Hawaii 254, 492 P.2d 657 (1971).

been in her home on the morning of the rape, and a pair of sunglasses, allegedly worn by the rapist, were ever in his possession. Defendant concedes that the chain of police custody is complete, but that the chain of possession has not been linked to him. We disagree. The record shows that when defendant was booked, all of the defendant's property was listed on a "personal property inventory and receipt form" by the jail sergeant. The property was physically spread on a table in front of the defendant and the sergeant explained to him the purpose of the inventory and asked him to examine the property, compare it with the list, and sign the form. The sergeant testified that defendant did this. An exhibit is sufficiently identified when it is shown to be the same object initially seized by the police. *State v. Russell,* 70 Wn.2d 552, 424 P.2d 639 (1967). We think the sergeant's testimony adequately identified the lighter and sunglasses as belonging to defendant and being in his possession at the time of arrest. Of course, testimony as to identity is subject to being rebutted, but it is not necessary for the state to negate every possibility of tampering. *State v. Music,* 79 Wn.2d 699, 489 P.2d 159 (1971). Since the state's evidentiary chain of possession was complete and the exhibits were adequately identified, we conclude that the trial court did not err in admitting them into evidence.

Affirmed.

PETRIE, C.J., and ARMSTRONG, J., concur.

Petition for rehearing denied January 30, 1973.

Review denied by Supreme Court March 20, 1973.