[No. 1697-2.    Division Two.    March 31, 1976.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES E. McFARLAND, *Appellant.*

*Steven R. Levy,* for appellant.

*Donald Herron, Prosecuting Attorney,* and *Joseph D. Mladinov, Special Counsel,* for respondent.

PETRIE, C.J.—James E. McFarland appeals from a judgment and sentence following his conviction of grand larceny. The primary question raised by the appeal is whether the conviction should be set aside because the defendant was not promptly arraigned. We affirm the judgment.

On October 23, 1974, Tacoma police arrested Mr. McFarland on probable cause of having committed grand lar-

ceny. Later that same day he posted bond and was released from jail after he signed "Instructions on Release from Custody" which informed him to appear in court for arraignment on October 30. On October 24 the prosecutor formally filed an information charging him with grand larceny.

Defendant did not appear for his scheduled arraignment on October 30, and a bench warrant was issued for his arrest. Apparently unbeknownst to the prosecuting attorney's office, defendant was in custody at the Tacoma city jail on October 30, having been arrested on a parole detainer, for reasons not specified in the record, the day after he posted bail on the grand larceny charge.

Not until November 26, 1974—33 days after the information was filed—did the prosecuting attorney discover the defendant's location and then only because defendant's parole officer inquired as to the disposition of the grand larceny charge. Thereupon, defendant was immediately taken to court and arraigned. In the presence of appointed counsel defendant entered a plea of not guilty, and trial was set for December 11. On the day before the scheduled trial date, the court granted defendant's request for appointment of new counsel and a continuance. Defendant was tried and found guilty on December 18.

On two occasions prior to trial defendant moved to dismiss the information for failure of the State to arraign him promptly pursuant to CrR 4.1(a). The trial court denied both motions. CrR 4.1(a) provides: "Promptly after the indictment or information has been filed, the defendant shall be arraigned thereon in open court."

A 33-day delay does not comport with the mandate of the rule, but the protracted delay does not require dismissal of defendant's conviction absent prejudice of a constitutional nature.

Mere "[d]elay in taking an accused before a commissioner, though illegal, does not invalidate a conviction in the absence of prejudice resulting from the detention."

*Morse v. United States*, 256 F.2d 280 (5th Cir. 1958); *accord, McFarlane v. United States*, 231 F. Supp. 191 (S.D.N.Y. 1964).

Defendant makes no showing that his defense was prejudiced in any way by the delay. Neither his right to a speedy trial nor his right to effective legal representation was jeopardized. Trial took place 56 days after defendant was arrested, well within the 60 days required by CrR 3.3(c), and he was represented by counsel throughout all the critical stages of his prosecution. Although his first appointed counsel was released only 2 days before the original trial date, his substituted and present court appointed attorney asked for and was granted a 1-week continuance to prepare a proper defense.

We hold that the State's failure to promptly arraign the defendant did not deprive him of his constitutional right to a fair and impartial trial. Accordingly, the delay does not require reversal of the conviction.

Defendant also assigns error to the trial court's refusal to grant him a CrR 3.5 hearing to determine the voluntariness of his statements to private citizens prior to being taken into police custody. We answered that contention in *State v. Harris*, 14 Wn. App. 414, 542 P.2d 122 (1975), which was published after defendant filed his opening brief, by holding that a CrR 3.5 hearing applies to custodial statements only.

Judgment affirmed.

PEARSON and REED, JJ., concur.

Petition for rehearing denied May 6, 1976.

Review denied by Supreme Court July 27, 1976.