[No. 2485-2. Division Two. June 29, 1977.]

THE STATE OF WASHINGTON, *Respondent,* v. RONALD FALK, *Appellant.*

*F. Michael Misner* and *Lester Stritmatter,* for appellant (appointed counsel for appeal).

*Curtis M. Janhunen, Prosecuting Attorney,* for respondent.

REED, J.—Defendant Ronald Falk was convicted by jury of one count of possessing and one count of delivering heroin. On appeal he assigns error to the trial court's refusal to grant a mistrial, urging: (1) that the State had not disclosed defendant's prior incriminating statement; (2) that no CrR 3.5 hearing was conducted to determine voluntariness of the statement; and (3) introduction of the statement was improper rebuttal. We find no error and affirm.

Utilizing a confidential informant and undercover agents, the State supplied money to defendant to purchase heroin. Following an actual delivery of the drug to an agent on September 24, 1975, defendant was given additional funds and was arrested on October 10, 1975, with a quantity of heroin and $20 in marked money in his possession. Defendant contended at trial he had been framed, that the heroin was surreptitiously placed in his billfold and the $20 bill had been given him to purchase liquor. In rebuttal, a police officer testified that defendant had twice come voluntarily to the police station shortly after his arrest and on the second visit admitted he had sold the drugs because he needed money. Defendant moved for a mistrial because the State had not disclosed the existence of his statement although an omnibus hearing had been held prior to trial, and because there had been no hearing to determine the voluntariness of the statement. The trial judge refused to declare

a mistrial but did grant defendant a recess to determine whether and how he would counter the evidence. After the recess defendant elected not to offer surrebuttal, stating as follows, "the damage is done so badly that nothing we could do now could rectify it." Thereafter, submission of the cause to the jury resulted in defendant's conviction on both counts.

CrR 4.7 provides in part as follows:

**(a) Prosecutor's Obligations.**

(1) . . . the prosecuting attorney shall disclose to the defendant the following material and information within his possession or control no later than the omnibus hearing:

. . .

(ii) any written or recorded statements and the substance of any oral statements made by the defendant, . . .

. . .

**(h) Regulation of Discovery.**

. . .

(2) *Continuing duty to disclose.* If, after compliance with these standards or orders pursuant thereto, a party discovers additional material or information which is subject to disclosure, he shall promptly notify the other party or his counsel of the existence of such additional material, and if the additional material or information is discovered during trial, the court shall also be notified.

. . .

(7) *Sanctions.*

(i) If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or an order issued pursuant thereto, the court may order such party to permit the discovery of material and information not previously disclosed, grant a continuance, dismiss the action or enter such other order as it deems just under the circumstances.

As we have previously held, these discovery provisions do not require that the state anticipate defense evidence and that it search out, discover and disclose all evidence which it may be called upon to offer in rebuttal. *State v. Harris,* 14 Wn. App. 414, 542 P.2d 122 (1975). On the other hand, if

the state comes into possession, at any time before or during trial, of evidence *which the rules oblige it to disclose,* the state must do so whether it be considered for use in the state's case–in–chief, for rebuttal, for impeachment purposes, or in some other way. *State v. Harris, supra.*

In the instant case the prosecuting attorney did not learn of defendant's admission until sometime during the first day of trial and did not confirm its existence with the officer to whom it was made until the next day, when it was offered. At the moment of confirmation, the duty arose to disclose the admission to defense counsel and the court. CrR 4.7(h)(2). In not doing so the State erred, but we do not think the violation necessitates reversal of defendant's convictions.

The drastic measure of mistrial is only one of many sanctions at the trial court's disposal. CrR 4.7(h)(7)(i). Here defendant was granted time in which to marshal his defenses against the damaging testimony. The evidence consisted of a matter peculiarly within his personal knowledge, his own alleged statement. Defendant, however, elected not to offer so much as a denial he had made the admission. The trial court acted well within its discretion when it denied the motion for mistrial and instead granted a delay so that defendant could decide upon a course of action. CrR 4.7(h)(7)(i); *cf. State v. Glasper,* 12 Wn. App. 36, 527 P.2d 1127 (1974).

Nor does the failure to conduct a CrR 3.5 hearing require reversal. In the first place, defendant does not contend the statement, if made, was involuntary. *State v. Glasper, supra; cf. State v. Joseph,* 10 Wn. App. 827, 520 P.2d 635 (1974). On the record as we have it, no such issue arose or was even suggested, and the mere failure to hold a CrR 3.5 hearing does not render an otherwise admissible statement inadmissible. *State v. Harris, supra; State v. Toliver,* 6 Wn. App. 531, 494 P.2d 514 (1972); *State v. Baker,* 68 Wn.2d 517, 413 P.2d 965 (1966). Secondly, the statement was not custodial in nature. According to the officer the defendant came to the station house on his own

initiative, not once but twice, after his release on bond. The information was not a response to interrogation but was offered in an apparent attempt to gain some personal advantage. The constitutional concerns exemplified by CrR 3.5 apply only to custodial statements. *State v. Harris, supra; State v. Ratow,* 4 Wn. App. 321, 481 P.2d 20 (1971); *Jackson v. Denno,* 378 U.S. 368, 12 L. Ed. 2d 908, 84 S. Ct. 1774, 1 A.L.R.3d 1205 (1964). Not only were defendant's statements unsolicited by the officer, but the record before us makes it abundantly clear he was in no way significantly restrained or restricted in his freedom of movement. *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966). The situation here was closely akin to that in *Oregon v. Mathiason,* 429 U.S. 492, 50 L. Ed. 2d 714, 97 S. Ct. 711 (1977), which we believe is determinative of this issue.

Finally, there is no merit to defendant's claim the officer's testimony was improper rebuttal. Defendant's argument, which is premised upon Justice Brennan's dissent in *Harris v. New York,* 401 U.S. 222, 28 L. Ed. 2d 1, 91 S. Ct. 643 (1971), assumes the statement was inadmissible as part of the State's case–in–chief. Not so! As we have demonstrated, the statement was a voluntary, noncoerced, noncustodial admission. As such, there were no *Miranda*–type strictures on its admission at any stage of the proceedings.

Affirmed.

PETRIE, C.J., and PEARSON, J., concur.