[No. 3331–1. Division One. January 16, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. RENE F. DeCUIR, *Appellant.*

*Richard N. Pratt* of *Snohomish County Public Defender,* for appellant.

*Robert E. Schillberg, Prosecuting Attorney,* and *Ruth Ellen Wagner, Deputy,* for respondent.

JAMES, J.—Following a jury trial, defendant Rene Franchot DeCuir was convicted on two charges of forgery which were consolidated for trial. He appeals from those convictions.

On November 21, 1973, DeCuir was arrested in his home in Snohomish County. He was advised of his *Miranda* rights and placed under arrest before being taken to Edmonds police headquarters. After again being advised of his rights, DeCuir acknowledged in writing that he understood them but refused to sign a written waiver form. However, he agreed to give a verbal account of his participation in alleged forgeries in Snohomish County.

Later that afternoon, DeCuir was taken to the prosecuting attorney's office. After discussing the possibility of receiving a release on his own recognizance, DeCuir completed a written statement of the admissions he had made to police earlier in the day.

Following a pretrial CrR 3.5 hearing, the court suppressed the written statement, finding that it had been induced by promises of release pending trial. However, the oral statement was held admissible and admitted at trial.

The first issue on appeal is whether the oral statement should have been suppressed because it was improperly induced by promises of release.

DeCuir was arrested on the day before Thanksgiving. He argues that officers induced his statement with promises of release knowing that he was planning to be married on the weekend following Thanksgiving and was very anxious to obtain his release before the holiday. The evidence was that DeCuir was arrested at about 9 a.m. and gave his statement within an hour after arriving at the Edmonds police department where he was taken immediately after arrest.

DeCuir had prior convictions from federal and California

state courts and was aware that a federal hold could be placed on him.

Following the CrR 3.5 hearing, the judge entered finding of fact No. 4:

No promises were made to induce the oral statement given at the Edmonds Police Department. The officers did promise to recommend a personal recognizance release on the condition that he agree to provide additional information as an informant about the other persons involved in the operations. The giving of the oral statement of the information Mr. DeCuir already possessed was not a condition of the recommendation of a personal recognizance release.

■■ The State must prove that a confession was voluntarily given by a preponderance of the evidence. *State v. Braun,* 82 Wn.2d 157, 509 P.2d 742 (1973). When the defendant alleges that his confession was not voluntary, the test is

"whether the behavior of the State's law enforcement officials was such as to overbear petitioner's will to resist and bring about confessions not freely self–determined— . . .

*State v. Braun, supra* at 161–62, quoting *Rogers v. Richmond,* 365 U.S. 534, 544, 5 L. Ed. 2d 760, 81 S. Ct. 735 (1961). A confession is not involuntary merely because it was motivated by a defendant's desire to avoid being detained in custody. *State v. Riley,* 17 Wn. App. 732, 565 P.2d 105 (1977). There was substantial evidence that DeCuir was "knowledgeable in the ways and proceedings of the criminal justice system" and made his statements motivated by his own desire to obtain a release. Finding of fact No. 2, in part.

In his testimony, DeCuir stated that he had made up his mind to give a statement before having any discussions regarding his release prospects. He also admitted,

In the first place, I had never gotten out on O.R. or R.I. (on Own Recognizance). My mother was coming up from Los Angeles and it just—anyway, it looked like I would

get out was a miracle to me. I didn't think it would work with a statement.

■ Findings of fact supported by substantial evidence will not be disturbed on appeal. *Seattle–First Nat'l Bank v. Brommers,* 89 Wn.2d 190, 570 P.2d 1035 (1977).

DeCuir also contends that a State's witness should not have been allowed to testify regarding inculpatory statements made to him by DeCuir without first having the statements presented at a CrR 3.5 hearing.

■ DeCuir argues that when the term "statement" was substituted for "confession" by the enactment of CrR 3.5 in place of CrR 101.20W, the application of the rule was broadened to include noncustodial statements. We do not agree. *State v. Falk,* 17 Wn. App. 905, 909, 567 P.2d 235 (1977) holds, "The constitutional concerns exemplified by CrR 3.5 apply only to custodial statements." *See also State v. McFarland,* 15 Wn. App. 220, 548 P.2d 569 (1976); *State v. Harris,* 14 Wn. App. 414, 542 P.2d 122 (1975).

DeCuir claims it was error to admit exhibits 12 and 13, which are handwriting exemplars, and exhibits 18 and 19, which are blowups of portions of the exemplars and other documents. He also contends it was error to allow a handwriting expert to testify with reference to these exhibits.

DeCuir argues that the State failed to prove a chain of custody for the exhibits and that they were in the same condition at trial as when examined by the testifying expert witness.

Handwriting exemplars (exhibits 12 and 13) were made by DeCuir at the direction of and in the presence of a police detective on November 21, 1973. The detective testified that no exemplars were taken from DeCuir prior to this date. However, the handwriting expert testified that he received the exemplars he examined on November 15, 1973, from the same detective.

■ In denying DeCuir's challenge to the admissibility of the exemplars and the exhibits made from them (exhibits 12, 13, 18 and 19), the judge ruled that the discrepancy in

dates went to the weight to be given the evidence by the jury and not the admissibility.

A failure to present evidence of an unbroken chain of custody does not render an exhibit inadmissible if it is properly identified as being the same object and in the same condition as it was when it was initially acquired by the party. *State v. Tollett,* 12 Wn. App. 134, 137, 528 P.2d 497 (1974); *State v. Potts,* 1 Wn. App. 614, 464 P.2d 742 (1969); *State v. Russell,* 70 Wn.2d 552, 424 P.2d 639 (1967). The essential requirement for admissibility of the exemplars is that they be in substantially the same condition as when taken. *Brown v. General Motors Corp.,* 67 Wn.2d 278, 407 P.2d 461 (1965).

In this case, the detective who was present when the exemplars were made by DeCuir identified them at trial. He also testified that no other exemplars were taken from DeCuir before November 21. Furthermore, the handwriting expert gave detailed testimony comparing the exemplars with alleged forgeries before the exhibits were admitted into evidence.

The trial judge did not err in admitting the exhibits.

DeCuir's next contention is that by allowing opinion testimony by the bank vice–president and testimony concerning the contents of an exhibit before it was admitted, he was prejudiced. He cites no authority for his position but states summarily that the testimony was "conclusionrary [*sic*], speculative, and is incorrect at least in this case . . ." ▪ We do not consider assignments of error which are not supported by authority. *State v. Wood,* 89 Wn.2d 97, 569 P.2d 1148 (1977); *State v. Stepp,* 18 Wn. App. 304, 569 P.2d 1169 (1977).

DeCuir also seeks a new trial because of alleged prosecutorial misconduct. The prosecutor asked DeCuir, "Have you been convicted of anything else?" following DeCuir's admission that he had a prior robbery conviction. Pursuant to defense counsel's request, the jury was excused. The prosecutor stated that although she was informed that

DeCuir had been convicted of attempted bribery of a witness, she would not be able to present proof of the conviction or that DeCuir had been represented by counsel. The trial judge ruled that DeCuir was not required to answer the question.

DeCuir contends that the prosecutor should not have made inquiry regarding prior convictions unless she was prepared to prove not only that there was a prior conviction but also that he was represented by counsel. We do not agree.

An attack upon the credibility of a witness by cross-examination concerning prior convictions is expressly authorized by RCW 10.52.030. If a prosecutor, *in good faith,* believes that a witness has been convicted of a crime, it is not improper to ask a general question concerning prior convictions even though proof of a specific conviction is not immediately available. If, however, the witness answers in the negative, the prosecutor would be bound by the answer. It would be improper for a prosecutor to pursue the matter further concerning a specific conviction without proof of the conviction and that the witness was represented by counsel. *State v. Martz,* 8 Wn. App. 192, 504 P.2d 1174 (1973).

In any event, DeCuir's objection to the prosecutor's question was sustained and he made no motion for either a mistrial or a curative instruction. To warrant a new trial, alleged prosecutorial misconduct must have been so prejudicial as to deny a defendant a fair trial. *State v. Hanson,* 14 Wn. App. 625, 544 P.2d 119 (1975). DeCuir's objection was sustained and he was not required to either affirm or deny a prior conviction. Any possible error was harmless.

Finally, DeCuir claims it was error to deny his motion to dismiss when there was no evidence he committed any criminal acts of forgery or aiding and abetting forgery in Snohomish County as alleged.

CrR 5.1 provides:

**(a) Where Commenced.** All actions shall be commenced:

. . .

(2) In any county wherein an element of the offense was committed or occurred.

There was evidence that the forged checks were executed in Pierce County but were presented at banks in Snohomish County. Evidence also established that DeCuir received money while in Snohomish County for his participation in the crime.

Additionally, there was evidence that the blank checks used in the forgery were lost or stolen in Snohomish County before being forged.

CrR 5.1(b) provides:

**(b) Two or More Counties.** When there is reasonable doubt whether an offense has been committed in one of two or more counties, the action may be commenced in any such county.

There was no error in denying defendant's motion to dismiss the charges.

Affirmed.

WILLIAMS and CALLOW, JJ., concur.

Petition for rehearing denied March 30, 1978.