[No. 13550-7-II.   Division Two.   May 19, 1992.]

THE STATE OF WASHINGTON, *Appellant,* v. ROBERT L. DUNIVIN, SR., *Respondent.*

*Nelson E. Hunt, Prosecuting Attorney,* and *Ruth Vogel, Deputy,* for appellant.

*James E. Kennedy* and *Kennedy, Schuck, Harris, Miller & McCormmach, P.S.,* for respondent.

SEINFELD, J. — After a jury found Robert Dunivin guilty of manufacturing marijuana, the trial court ruled that the State's failure to comply with discovery requirements deprived defendant of a fair trial. Consequently, the court granted Dunivin's motion for a new trial. The State appeals. We affirm.

Dunivin was arrested after sheriff deputies discovered, pursuant to a search warrant, marijuana growing on property adjacent to his residence. The police initially became

aware of the marijuana growing on land to the west of the property Dunivin rents in Winlock, Washington, through three anonymous telephone tips to the county drug hot line. Officer Miller agreed to meet with the anonymous caller. He then discovered that the informant was Ben Buis, Robert Dunivin's son-in-law. Buis asked Officer Miller for $1,000 in exchange for information about a marijuana grow on Gray Road, on property adjacent to his father-in-law's residence. Officer Miller could not authorize $1,000, but he gave Buis $50 and noted the exchange on a receipt dated July 27, 1989. The officer also assured Buis that his identity would remain confidential. Buis then told the officer that Dunivin was running a grow operation and he provided a sketch of the grow area. Based on this, the police flew over the area and observed the marijuana plants in the described location. They used their own observations during the overflight to establish probable cause for the search warrant. The warrant does not mention Buis by name or as a confidential informant.

Prior to trial, Dunivin provided the State with a list of defense witnesses and their expected testimony. The defense listed Ben Buis and advised the State that "Mr. Buis is familiar with the residence of the defendant and observed the area both before and after the search of the premises in August 1989." After reviewing the list of defense witnesses with the police, the prosecutor discovered that Buis had provided Officer Miller with information about the grow operation and that the officer had retained the receipt for the money paid to Buis. The State did not disclose this information to the defense or to the court.

At trial, defendant called Buis as a witness. Buis stated that he had never seen any marijuana growing on or near the Dunivin property. On cross examination the State questioned Buis about the information he gave the police and showed him the receipt for the $50, whereupon Buis denied any knowledge of the conversation with Officer Miller. This was the first time Dunivin heard about Buis' participation in the investigation.

The defense moved for a mistrial on the grounds that the State should have provided the defense with the receipt documenting the exchange of money for information and with the details of Buis' involvement. The trial court deferred its ruling until the close of the trial. On rebuttal, the State called Officer Miller to testify about his exchange with Buis. Officer Miller identified the receipt and described to the jury how he had paid Buis for the information about the marijuana growing operation.

Following entry of the jury's guilty verdict, the trial court granted the defense motion for a new trial. The basis of the ruling was that the State violated its discovery obligations when it failed to disclose to the defense the documentary information showing Buis' involvement with the police. The court stated that, at the very least, the State should have requested an in camera hearing pursuant to CrR 4.7(h)(6). Because the State did not do so, the court determined that "the defendant was deprived of an opportunity to confront his accusers through preparation for trial. . . ." The trial court then noted that the irregular procedure had "a material impact on the fairness of the trial and undermines the court's confidence in the verdict . . .." We agree with the trial court's reasoning and affirm the order for a new trial.

Initially, we note that a trial judge has wide latitude when imposing sanctions for discovery violations and ruling on motions for a new trial. Absent a showing of abuse of discretion, we will not disturb the ruling on appeal. *State v. Williams*, 96 Wn.2d 215, 221, 634 P.2d 868 (1981). Specifically, CrR 4.7(h)(7)(i) gives the trial court the discretion to sanction discovery violations by dismissing the action, and CrR 7.6(a)(5) gives the trial court the discretion to grant a motion for a new trial if it finds "[i]rregularity in the proceedings of the . . . prosecution, . . . by which the defendant was prevented from having a fair trial". Our inquiry in this case is, therefore, limited to determining whether the trial court abused its discretion when it concluded (1) that CrR 4.7(a)(1)(v) obligated the State to disclose the receipt documenting Buis' contact with the police, and (2) that the

failure to do so prevented the defendant from having a fair trial. We hold that the circumstances of this case fall within the parameters of CrR 4.7(a)(1)(v); the trial court correctly found that the State erred when it did not reveal the information prior to trial. The error was prejudicial to the defense and the trial court did not abuse its discretion when it granted the motion for a new trial.

The State attempts to justify its failure to provide the defense with the information about Buis on several grounds. Because we base our holding on CrR 4.7, however, we will consider only those contentions that relate to the State's obligations pursuant to the discovery rules.

CrR 4.7 describes the situations in which a prosecutor has a duty to disclose information to the defense. Specifically, CrR 4.7(a)(1)(v) requires a prosecutor to reveal to the defense "any books, papers, documents . . . which the prosecuting attorney intends to use in the hearing or trial . . .". Here, the evidence of Buis' statements to the police was documented by the receipt that Officer Miller created. The prosecutor learned of the receipt, and of Buis' exchange with Officer Miller, in the weeks before the trial.

The State argues that CrR 4.7(a)(1)(v) does not apply because it "had no intention of questioning Mr. Buis on these previous statements." The prosecutor concluded that it would be possible for Buis to testify in such a manner as to avoid perjury and, if he did so, the State would not use the impeaching evidence in its possession. However, it was prepared to use the evidence if it became necessary.

If the State's argument is accepted, the prosecutor's subjective intent will control its duty to disclose, and, further, no such duty will exist unless the State is reasonably certain that it will introduce the evidence. Under this scenario, if the State were to introduce evidence, undisclosed because of lack of certainty as to its use, the defendant would lack recourse, regardless of prejudice. Such an interpretation of the discovery rules is inconsistent with both the language of the rules and the policy supporting them.

██ It is the long settled policy in this state to construe the rules of criminal discovery liberally in order to serve the purposes underlying CrR 4.7, which are "to provide adequate information for informed pleas, expedite trials, minimize surprise, afford opportunity for effective cross-examination, and meet the requirements of due process . . . ". *State v. Yates,* 111 Wn.2d 793, 797, 765 P.2d 291 (1988) (quoting Criminal Rules Task Force, *Washington Proposed Rules of Criminal Procedure* 77 (West Pub'g Co. ed. 1971)). To accomplish these goals, it is necessary that the prosecutor resolve doubts regarding disclosure in favor of sharing the evidence with the defense. Where, as here, the State has made a promise of confidentiality to a witness, the State, at a minimum, must present its dilemma to the trial court for resolution. Absent a contrary ruling by the trial judge, we find that a prosecutor "intends to use" a document, for purposes of CrR 4.7(a)(1)(v), in any situation where the State is aware of the document and there is a reasonable possibility that the document will be used during any phase of the trial.

Here, even if the State expected Buis somehow to avoid the topic of his knowledge of his father-in-law's participation in the crime, there certainly was a reasonable possibility that Buis would testify as he did. The prosecution was ready to use the document to impeach Buis should Buis' testimony contradict his prior statements to the police. Under these circumstances disclosure is required.

The State cites the following language from *State v. Falk,* 17 Wn. App. 905, 907, 567 P.2d 235 (1977) in support of its position that it had no duty to disclose:

these discovery provisions do not require that the state anticipate defense evidence and that it search out, discover and disclose all evidence which it may be called upon to offer in rebuttal.

In *Falk*, the court found a violation of CrR 4.7(h)(2) when the State failed to disclose the defendant's admission, even though the prosecutor first learned of it during trial. Here, as in *Falk*, there was no question of the prosecutor's diligence in searching for evidence. In both cases, the evidence was in the prosecutor's hands. At that moment the duty to disclose arose.

■ Furthermore, the discovery obligation is not limited to evidence intended for use in the State's case in chief. Nothing in the text of CrR 4.7 suggests that the State has a lesser obligation to disclose documents it intends to use for impeachment or rebuttal purposes. The prosecutor's duty under CrR 4.7 applies to evidence "which the rules oblige it to disclose, . . . whether it be considered for use in the state's case-in-chief, for rebuttal, for impeachment purposes, or in some other way." (Italics omitted.) *State v. Falk*, 17 Wn. App. at 908.

■ Finally, the State maintains that if there was error, it was not prejudicial. A prejudicial error is one that affects or presumptively affects the outcome of the trial. *State v. Martin*, 73 Wn.2d 616, 627, 440 P.2d 429, *cert. denied*, 393 U.S. 1081, 21 L. Ed. 2d 773, 89 S. Ct. 885 (1968). Here, the trial court specifically noted the reasons it deemed the error prejudicial. The court was not confident that the jury would have returned the same verdict had Buis not been so effectively impeached. We are convinced by the record in this case that absent the Buis factor, the jury may well have found reasonable doubt. The error was prejudicial and the order granting a new trial is affirmed.

MORGAN, A.C.J., and ALEXANDER, J., concur.

Review denied at 120 Wn.2d 1016 (1992).